Argued and submitted April 4, reversed and remanded July 13, reconsideration denied August 26, petition for review denied October 18, 1983 (295 Or 773)

# OFFICE SERVICES CORPORATION OF AMERICA,
*Appellant,*

*v.*

# CAS SYSTEMS, INC.,
*Respondent.*

(41449; CA A25899)

666 P2d 297

Jeffrey C. Bodie, Portland, argued the cause for appellant. With him on the briefs was Gretchen E. Buehner, Portland.

Thomas S. Boothe and Ferris F. Boothe, Portland, argued the cause for respondent. With them on the brief were Haugh

& Foote, P.C., and Black, Kendall, Tremaine, Boothe & Higgins, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This action arose out of an alleged contract whereby plaintiff[1] agreed to buy certain computerized telephone equipment from defendant. Plaintiff pleaded separate causes of action for breach of contract, money had and received and unlawful trade practices. ORS 646.605 *et seq.* The trial court granted partial summary judgment for plaintiff on the money had and received claim, directed the entry of final judgment as to that claim pursuant to former ORS 18.125 and directed "that execution issue forthwith." The judgment was satisfied. Thereafter, defendant moved for summary judgment on the two remaining causes of action. The trial court denied the motion. Defendant later filed separate motions for partial summary judgment as to the two remaining causes, and the trial court granted those motions in turn and dismissed the action.[2] Plaintiff appeals. We hold that the trial court erred by granting summary judgment for defendant on the breach of contract claim, and we therefore reverse and remand.

■ The basis for the trial court's allowance of summary judgment on the contract claim, and the only basis on which defendant attempts to defend the ruling, is that the judgment entered on the money had and received cause of action created a *res judicata* bar to the litigation of the contract cause.[3] Plaintiff argues that *res judicata* applies only when there are separate lawsuits and that the determination of one cause of action cannot give rise to *res judicata* as to other causes of action in the same case. Defendant responds, *inter alia,* that "[p]laintiff has cited no cases that *explicitly* require two separate lawsuits." (Emphasis supplied.) Plaintiff *does* cite many Oregon cases which apply the *res judicata* doctrine in the context of separate lawsuits and contain language that strongly implies

---

[1] During the course of the proceedings, the corporation which is now the plaintiff was formed by the person who previously individually operated the business now carried on in the corporate name. The word "plaintiff" is used here to refer to both the corporation and the individual, as the context requires.

[2] The foregoing does not purport to be a comprehensive description of the procedural history, but it does set out the basic facts necessary to an understanding of the issues we decide.

[3] The relief sought in the money had and received claim was the return of $10,000 plaintiff deposited with defendant as a down payment for the equipment. In the contract claim, plaintiff seeks other damages allegedly attributable to defendant's failure to perform in accordance with the contract.

or presupposes that the doctrine has no place where that is not the context. The most express statement we find in the cases or texts is that "the doctrine of *res judicata* applies only where a judgment has been previously rendered, *and only where a subsequent action is brought or maintained.*" (Emphasis supplied.) 46 Am Jur 2d 608-09, *Judgments* § 438 (1969) (citing *Merriam v. Saalfield,* 241 US 22, 36 S Ct 477, 60 L Ed 868 (1916), as authority for the emphasized statement). We agree with plaintiff that, generally, the bar of *res judicata* applies to subsequent lawsuits and not to *separate claims* within the same lawsuit. We need not decide whether there can be exceptions to that general rule, because defendant has not demonstrated why this case might be an exception.

■        Defendant emphasizes that the partial summary judgment on the money had and received claim was made a final judgment for purposes of former ORS 18.125. From that, defendant reasons that there was a final judgment for *res judicata* purposes and that plaintiff is precluded from litigating its other claims, because they could have been decided together with the money had and received claim. The problem with that reasoning is that former ORS 18.125(1) related to the entry of a "final judgment or decree as to one or more *but fewer than all of the causes of suit or action.*" (Emphasis supplied.) *See* ORCP 67B. We do not see how a judgment which, by the terms of the statute, specifically leaves certain causes of action undecided could have the effect of barring the litigation of those causes of action. We conclude that the summary judgment for defendant on the contract cause of action was error.

■        Plaintiff also assigns error to the summary judgment for defendant on the unlawful trade practices claim. The apparent basis for the ruling was, at least in part, that the transaction between the parties was a commercial one to which the Unlawful Trade Practices Act is not applicable. However, the only argument plaintiff makes for reversal is that the court had denied defendant's earlier motion for summary judgment and was precluded by the law of the case doctrine from granting defendant's later motion. We disagree. *See State ex rel Harmon v. Blanding,* 292 Or 752, 756, 644 P2d 1082 (1982).

Plaintiff's final assignment of error is that the court wrongly denied plaintiff's motion to compel discovery.

Because our disposition of the first assignment requires that we remand for further proceedings, this assignment relates to a matter which is in an interlocutory posture, and we do not consider it.

Reversed and remanded on the contract action for further proceedings not inconsistent with this opinion; affirmed on the Unlawful Trade Practices action.