On petitioner's petition for reconsideration of order dismissing appeal filed April 15, 1983, motion to dismiss filed December 28, 1982 and allowed March 16, 1983, petition for reconsideration granted, former order withdrawn and motion to dismiss denied September 14, 1983

## PACIFIC CITY SANITARY DISTRICT,
*Respondent,*

*v.*

## McKEE,
*Appellant.*

(21-278; CA A25169)

669 P2d 330

John H. Tuthill, Johnson, Hantke & Tuthill, Tillamook, for petition.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant petitions this court for reconsideration of the order dismissing his appeal. ORAP 10.10. Plaintiff brought this action, alleging that defendant had failed to connect a building sewage facility to plaintiff's public sewer system. Plaintiff sought damages, declaratory and injunctive relief and attorney fees, and obtained a default judgment, which was entered December 4, 1981.

Defendant moved to set aside the default judgment on the ground of lack of personal jurisdiction. That motion was denied on April 20, 1982. Defendant did not appeal the denial. Defendant then moved to set aside the judgment on the ground of "surprise" under former ORS 18.160.[1] The second motion was denied June 11, 1982.

Defendant appealed the denial of the second motion. He contended that the trial court abused its discretion in failing to set aside the default judgment. Plaintiff moved to dismiss the appeal, arguing that the June 11, 1982, order was not an appealable order under ORS 19.010, because the order of April 20, 1982, barred defendant's second motion to set the judgment aside under the principle of *res judicata.* This court, by order dated March 16, 1983, allowed the motion to dismiss.

We allow the petition for reconsideration to consider what appears to be a question of first impression in Oregon: Did the trial court's denial of defendant's first motion to set aside the judgment on the ground of lack of personal jurisdiction have a *res judicata* effect on defendant's second motion based on "surprise"? We conclude that it did not.

In *Office Services Corp. v. CAS Systems, Inc.,* 63 Or App 842, 845, 666 P2d 297 (1983), we said:

> "* * * [T]he bar of *res judicata* applies to subsequent lawsuits and not to *separate claims* within the same lawsuit. We need not decide whether there can be exceptions to that general rule, because defendant has not demonstrated why this case might be an exception."

That language applies in this case, even though it is the plaintiff who has not demonstrated why this case is an exception.

Petition for reconsideration granted; former order withdrawn; motion to dismiss appeal denied.