Argued and submitted January 3, reversed and remanded April 9, reconsideration denied August 1, petition for review denied October 7, 1986 (302 Or 86)

GODAT et ux,
*Appellants,*

*v.*

WALDROP et al,
*Respondents.*

(A8205-02915; CA A35386)

717 P2d 180

Bruce L. Melkonian, Portland, argued the cause and filed the briefs for appellants.

Stephen C. Hendricks, Portland, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an action for fraud. Plaintiffs appeal from a judgment granting defendants' motion for judgment on the pleadings. ORCP 21B. They contend that the trial court erred in concluding that their claim is barred by *res judicata* or by the doctrine of election of remedies. The issues are whether plaintiffs are barred from pursuing their fraud claim, which was bifurcated from their claim for specific performance in order to obtain calendar preference and whether the trial court erred in allowing defendants' motion for reconsideration. We reverse and remand.

Plaintiffs' complaint alleged that they listed their house for sale with Waldrop, a real estate broker and owner of Century 21/Moon Realty, Inc. Thereafter, on his advice and urging, they contracted with Cramer Construction Company to build a new house. Their old house had not been sold when the new house transaction was ready to close. In order to persuade them to take possession of the new house, defendants promised in writing to buy their old house if it was not sold by October 1, 1981. In reliance on that promise, and to close the purchase of the new house, they borrowed $22,000 from Citicorp Financial Services, secured by a mortgage on their old house, and $15,000 from Cramer, secured by a trust deed on the new house. When the old house did not sell by October 1, defendants refused to buy it. Plaintiffs then filed an action for specific performance and included a second claim for fraud, alleging that defendants' promise to purchase their old house was made in bad faith and without any intention of performing. They sought compensatory and punitive damages for the alleged fraud.

On July 12, 1982, plaintiffs moved for calendar preference on their specific performance claim.[1] Their affidavits stated that they then owed Citicorp and Cramer $44,000 as a result of defendants' promise to buy their old house, that they had relied on that promise, that defendants knew they had relied, that the loans were overdue and the creditors were

---

[1] *Former* Multnomah County Circuit Court Rule 4.02 provided:

"The presiding Judge shall specially set any case entitled to precedence under the statutes and may specially set any other case which in his discretion merits special treatment."

threatening to foreclose, and that, unless defendants performed, they could not pay the claims of the creditors. The creditors' affidavits confirmed that they were about to foreclose. Defendants did not file counter-affidavits.

The trial court ruled:

"ORDERED that the First Claim for Relief be separate from the remainder of the Complaint, that the First Claim for Relief be tried before a judge of this court on September 8, 1982, and that it be set for morning call on September 7, 1982."

Defendants filed an amended answer and a counterclaim for money that they had advanced to prepare the old house for sale. At trial the only issues litigated were plaintiffs' claim for specific performance and defendants' counterclaims. Plaintiffs prevailed on their specific performance claim; defendants prevailed on their counterclaims. Those judgments were satisfied.

Thereafter, the clerk mistakenly placed the case in a "closed" status. In September, 1984, on plaintiffs' motion, the case was reinstated. Defendants then filed a supplemental answer that alleged in part:

"The matters complained of by plaintiffs are *res judicata,* having been presented to this Court, tried, and a judgment entered in these proceedings.

"Having elected to proceed and try this action on their First Claim for Relief, plaintiffs have elected their remedy."

Plaintiffs' reply stated that defendants' affirmative defenses failed to state defenses that would bar their claim.

In January, 1985, defendants moved for judgment on the pleadings. By stipulation, plaintiffs filed an amended and supplemental complaint adding additional claims.[2] Plaintiffs then moved for partial summary judgment. The motions were consolidated for hearing.

The trial court ruled:

"ORDERED that plaintiffs' Motion for Partial Summary

---

[2] Plaintiffs claimed that defendants' fraudulent conduct cost them $16,000 in attorneys fees in the prior proceeding and in legal actions on the mortgages, that they were forced to accept a mortgage with a higher interest rate and higher monthly payments and that they have suffered extreme emotional distress.

Judgment as to the First Affirmative defense, and as to the Second Affirmative Defense, of defendants be, and it hereby is, allowed; by allowing this motion the court has ruled that those two defenses are insufficient as a matter of law, and that plaintiffs are entitled to prevail as to those two defenses, as a matter of law.

"IT IS FURTHER ORDERED that defendants' Motion for Judgment on the Pleadings be, and it hereby is, denied."

Defendants moved for reconsideration. The trial court ruled:

"IT IS HEREBY ORDERED that [defendants'] Motion for Reconsideration is allowed; the court finds that the damages requested by plaintiffs' Supplemental and Amended Complaint either were litigated or could have been litigated by plaintiffs in the trial on the first claim for relief, and therefore the claims are barred by Res Judicata or Election of Remedies:

"NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that defendants have judgment on the pleadings and that plaintiffs' Amended and Supplemental Complaint be dismissed with prejudice, and that defendants be awarded their costs and disbursements incurred to be taxed according to ORCP 68."

Plaintiffs contend that the trial court erred in allowing defendants' motion for reconsideration. They argue that ORCP 53B,[3] ORCP 67B,[4] and *former* Multnomah County Circuit Court Rule 4.02, *supra* n 1, permit bifurcation, that it

---

[3] ORCP 53B provides:

"The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or of any separate issue or of any number of claims, cross-claims, counterclaims, or issues, always preserving inviolate the right of trial by jury as declared by the Oregon Constitution or as given by statute."

[4] ORCP 67B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

was too late at trial for defendants, who did not file affidavits opposing bifurcation, to complain and that the bifurcation order established the law of the case. They rely on *Koch v. So. Pac. Transp. Co.,* 274 Or 499, 547 P2d 589 (1976) and *Huszar v. Certified Realty Co.,* 272 Or 517, 538 P2d 57 (1975). We find nothing in the authorities cited by plaintiff that limited the trial court's authority to entertain a motion for reconsideration. Plaintiffs' contention lacks merit.

Plaintiffs contend that the trial court erred in concluding that their fraud claim was barred either by *res judicata* or by the doctrine of election of remedies. They argue that the doctrine of election of remedies does not apply, because the remedy of specific performance and the remedy of damages for fraud are both based on the existence of the contract and, therefore, are not inconsistent. Defendants argue that, by pursuing their specific performance claim, plaintiffs elected their remedy and that the remedies of specific performance and damages for fraud are inconsistent. We agree with plaintiffs.

■ A person is barred from seeking a subsequent remedy where that remedy is inconsistent with a remedy previously sought. *McAllister v. Charter First Mortgage, Inc.,* 279 Or 279, 286, 567 P2d 539 (1977). In *Helmer v. Transamerica Title Ins. Co.,* 279 Or 457, 569 P2d 10 (1977), the Supreme Court allowed the plaintiffs to amend their complaint to state a claim for fraud rather than their original claim for specific performance. The court stated that the remedies were not inconsistent—that "[b]oth are based upon and recognize the continuing validity of the contract." 279 Or at 464.

■ The doctrine of election of remedies is usually applied when a person first seeks to rescind a contract and later sues for fraud. It bars a subsequent action for fraud because a person should not be allowed to disaffirm the contract and then, later, to affirm it. 279 Or at 464. *Restatement (Second) Contracts,* § 378 provides:

> "If a party has more than one remedy under the rules stated in this Chapter, his manifestation of a choice of one of them by bringing suit or otherwise is not a bar to another remedy unless the remedies are inconsistent and the other party materially changes his position in reliance on the manifestation."

*Comment e* to that section states in part:

"The rule stated in this Section applies only as among the remedies provided for in this Chapter. It does not, for example preclude a party from pursuing a claim in tort for misrepresentation * * *."

In their specific performance claim, plaintiffs asserted the validity of the contract. In their fraud claim, plaintiffs again asserted the validity of the contract. Thus, there was no inconsistency.

■ Plaintiffs contend that their fraud action is not barred by *res judicata,* because only one civil action is involved. They argue that both claims were filed in the first action, that the claims were bifurcated by the trial court and that *res judicata* applies only to the filing of multiple actions. Defendants contend that the doctrine of *res judicata* applies. They argue that there are multiple actions involving the same parties, the same transaction and the same property. *Res judicata* bars only a subsequent separate action. Plaintiffs did not bring a subsequent separate action. The trial court bifurcated the two claims plaintiffs made in the single action plaintiff brought. They are entitled to pursue their second claim. *Office Services Corp. v. CAS Systems, Inc.,* 63 Or App 842, 845, 666 P2d 297, *rev den* 295 Or 773 (1983).

Reversed and remanded.