Argued and submitted May 11, reversed August 3, 1988

## READ,
*Respondent,*

*v.*

## DOKEY et al,
*Appellants.*

(87-1151; CA A45624)

758 P2d 399

David M. Gordon, Newport, argued the cause for appellants. With him on the briefs was Macpherson & Associates, Newport.

Eugene K. Richardson, Newport, argued the cause for respondent. With him on the brief was Richardson, Ouderkirk & Hollen, Newport.

Before Warden, Presiding Judge, and Graber, Judge, and Riggs, Judge pro tempore.

WARDEN, P. J.

## WARDEN, P. J.

Defendants appeal from a judgment granting plaintiff an easement by prescription over a road crossing defendants' real property. They contend that the evidence of the easement was not clear and convincing. We review *de novo* and reverse.

Plaintiff purchased and took possession of his property in 1967. Access to his property from a county road is by means of Easy Street, the claimed easement, which plaintiff uses daily to get to and from work. Easy Street extends in a southerly direction from Wakonda Beach County Road 801 and crosses several private parcels, including the property of defendants, before reaching plaintiff's property. Easy Street has been used almost exclusively by persons living on or adjacent to it. Neither the pattern of use nor the condition of the road has changed significantly since plaintiff moved onto his property. Plaintiff and the neighbors have maintained the road by spreading gravel on it. No evidence was presented as to how the road was created, but a neighbor testified that it has existed at least since 1940.

In March, 1987, defendant Steven Dokey contacted plaintiff, complaining about the speed at which plaintiff's wife had driven on the road where it crosses defendants' property. When the request for reduced speed produced no result, defendants began placing barriers to slow down plaintiff and his wife. Plaintiff brought this action to establish a prescriptive easement or, as part of the same claim, for a determination that a prescriptive easement was enjoyed by the general public.[1] The court granted the prescriptive easement to plaintiff.

In order to establish a private prescriptive easement, plaintiff must show, by clear and convincing evidence, an open and notorious use of land adverse to the rights of defendants for a continuous and uninterrupted period of ten years. *Thompson v. Scott,* 270 Or 542, 546, 528 P2d 509 (1974). As a general rule, a showing of open, continuous use of an alleged easement for a period of ten years creates a presumption that the use is under a claim of right and adverse to the right of the

---

[1] In its letter opinion, the trial court found that plaintiff had not sustained the burden of proof necessary to show a public easement by prescription. Neither party raises that issue on appeal.

owner. The owner of the property must then show that the use was made with his permission. *Trewin v. Hunter,* 271 Or 245, 246, 531 P2d 899 (1975); *Kondor v. Prose,* 50 Or App 55, 60, 622 P2d 741 (1981).

*Woods v. Hart,* 254 Or 434, 436, 458 P2d 945 (1969), is strikingly similar to this case:

"[T]he roadway in question had been in existence before either defendants or plaintiffs acquired their respective parcels of land. It is undisputed that plaintiff Robert Woods used the road and that defendants knew that he was using it. There is little more than this to show that the use was adverse or permissive. If this had been a situation where plaintiff himself had constructed the road through the land now owned by defendants without asking for the servient owner's permission, the act of building the road would give rise to a strong inference of an adverse use. * * *

"But Woods did not construct the road in question. He testified that on several occasions he shared in the work and expense of maintaining the road. That, however, would not necessarily establish that plaintiff was asserting a right to the road; it is equally inferrable that he contributed the work and money to compensate the servient owners for the privilege of using the way.

"* * * * *

"Even if we were to hold that a presumption of adverseness arises in every case where one person uses a way across another person's land for the prescriptive period, the fact that the claimant's use is of an existing way and the use does not interfere with the owner's use is, in our opinion, enough to rebut the presumption of adverseness." 254 Or at 437.

Plaintiff has shown that he continously used the road for more than 10 years. However, the other facts preponderate against him. He did not construct the road but merely assisted in its maintenance. He used it as an existing way and, apparently, did not interefere with defendants' use of their property until shortly before he brought his action. Also, his use has been non-exclusive in character. He introduced evidence that the road was used by others for a variety of purposes. The significance of that is discussed in *Thompson v. Scott, supra,* 270 Or at 551, quoting *3 Powell on Real Property,* ¶ 413, p 483 (1973):

" 'If the claimant is only one of two, or several, or many,

who make the use in question, it is perhaps inferrable that all of these uses are permissive. In such a case the claimant must affirmatively prove the adverse character of his behavior.'

"* * * * *

"[T]he evidence shows that probably plaintiffs used the road more frequently than those making the other uses, but the general use of a road of this character by the public without permission, would, without further explanation, ordinarily tend to indicate to the servient owner that all of the users, including the more frequent ones such as plantiffs [sic] in this case, were simply using the way permissively."

Plaintiff's use was of a road that was already in existence when he acquired his property. There was no evidence that his use interfered with defendants' use before 1987 and the road was used by several others. Given these facts, it was incumbent upon plaintiff to prove affirmatively by clear and convincing evidence that his use was adverse to defendants. He did not do that.

Reversed.