Argued and submitted June 19, reversed and remanded with instructions in part;
otherwise affirmed November 15, 1995, petition for review denied March 6, 1996
(322 Or 644)

Lester W. NICE
and Lela Mae Mundy,
*Respondents,*

*v.*

John Warren PRIDAY,
Patricia Priday and John Annan Priday,
*Appellants,*

*and*

Douglas A. LYON
and Penelope K. Treeby,
as Co-Personal Representatives of the
Estate of Mary Folmsbee, Deceased,
*Respondents.*

(CC-93-60; CA A86133)

905 P2d 252

Harold D. Gillis argued the cause for appellants. With him on the briefs was Harold D. Gillis, P.C.

Claud A. Ingram argued the cause for respondents. With him on the brief was Stephen D. Dixon.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

.

## De MUNIZ, J.

Defendants Priday (defendants) appeal a judgment granting a prescriptive easement through their property and awarding damages for interference with that easement. We reverse.

Personal representatives for the Estate of Mary Folmsbee (the estate) hold title to a 160-acre tract known as the Ward Creek property. In June 1993, plaintiffs entered into an earnest money agreement with the estate to purchase the property. The only automobile access to the Ward Creek property is through a ranch owned by defendants Priday. Defendants Priday disputed plaintiffs' and the estate's access through their ranch and locked the gate at the road's entrance.

Plaintiffs then brought this action against defendants and the estate seeking a prescriptive easement through the Priday ranch and damages against defendants for interference with that easement. The estate cross-claimed, seeking similar relief against defendants. Defendants counter-claimed and cross-claimed to quiet title. The trial court's judgment granted a prescriptive easement through the Pridays' property in favor of plaintiffs and the estate, and money damages in favor of the estate for interference with the estate's easement through defendants' property.

The primary issue on appeal is whether sufficient evidence exists showing that plaintiffs' predecessors' use of the property was adverse, thereby creating a prescriptive easement.[1] We first address plaintiffs' arguments concerning both the scope and standard of review.

Defendants' brief assigns error only to the award of the prescriptive easement and does not specifically assign error to the ruling on the interference claim.[2] Plaintiffs

---

[1] For conciseness, hereinafter, "plaintiffs" will include both plaintiffs and the estate.

[2] Defendants assigned the following errors:

"The trial court erred in granting judgment that plaintiffs and the estate representatives had a prescriptive easement across Priday land.

"* * * * *

"The trial court erred in finding the plaintiffs had standing to assert a prescriptive easement claim against defendants Priday.

therefore conclude that the ruling on the interference claim is final.[3] They argue that, because the prescriptive easement is a necessary element of the interference claim, the matter of the easement then becomes *res judicata* and precludes defendants from raising that issue on appeal.

*Res judicata* does not apply to separate claims within the same lawsuit. *Westwood Corp. v. Bowen*, 108 Or App 310, 315, 815 P2d 1282 (1991), *rev dismissed* 312 Or 589 (1992); *Office Services Corp. v. CAS Systems, Inc.*, 63 Or App 842, 845, 666 P2d 297, *rev den* 295 Or 773 (1983). Consequently, any failure by defendants to challenge the interference claim does not bar them from assigning error to the prescriptive easement claim.

The closer question is whether defendants have failed to raise the interference claim for our review. It is true that defendants' first assignment of error mentions only the judgment for the prescriptive easement. However, the argument that defendants made under that assignment challenges the findings and conclusions that are the essential predicates to the granting of damages for interference with that easement. Therefore, the assignment of error regarding the prescriptive easement necessarily encompasses the interference claim. Based on the facts of this case, we conclude that the first assignment is sufficient to challenge the judgment for both claims. We turn to the merits.

---

"* * * * *

"The trial court erred in rendering judgment for prescriptive easement without identifying its location on Priday property, and limiting its scope.

"* * * * *

"Plaintiffs' amended complaint and the estate representatives' cross-claim failed to state a claim for prescriptive easement relief for lack of identification of the precise location of the alleged road over which they claim a prescriptive easement.

"* * * * *

"The trial court erred by not granting quiet title in favor of defendants Priday."

---

[3] Plaintiffs' use of the word "final" is not correct. Because the entire judgment was appealed, none of the dispositions of the claims are "final." However, whether the interference claim is reviewable, given defendants' assignments of error, is a different question that we address in the text.

[4] Plaintiffs make an alternative argument that does not require discussion.

The contested access is a dirt road that runs through the Priday ranch and connects the Ward Creek property to a public road that also runs through the Priday ranch. The road continues through the Ward Creek property onto BLM land. The road has existed since at least the late '20's or early '30's. The record does not show when the road first existed or who established it.

The Priday family has owned the property through which access is claimed since 1920. Defendant John Warren Priday inherited the property in 1956 or 1957. John Warren's son, John Annan Priday, is currently the contract purchaser of that property. The Pridays use the road about five or six times a year, primarily for moving cattle and riding horses.

The Ward Creek property is land-locked, at least as to automobile traffic. It is surrounded on all sides by either private or BLM property. It is basically unimproved, except for a shed that was added in recent years. There is no evidence of who owned the Ward Creek property until around 1958. At that time, the property was purchased by the Andrews. There is little evidence regarding their use of the road through the Priday ranch.

In 1960, Mary Folmsbee and her husband purchased the Ward Creek property from the Andrews. Mary Folmsbee held the property until her death in 1993, except for a period of about a year from 1987 to 1988. During that period, Ellis Skidmore owned the property. The road has been used on a fairly regular basis as access to the Ward Creek property since 1960. In addition, Skidmore and the Folmsbees occasionally removed obstacles from the road, trimmed encroaching vegetation and repaired damage to the road done by Skidmore's wood hauling.

No express permission was ever granted to the Folmsbees to cross Priday land. Nor is there evidence that the Folmsbees ever requested permission of the Pridays or expressly asserted to them a claim of right to the road. At some point in time, the Pridays placed a gate at the highway entrance to the road. For many years the Pridays locked the gate during certain parts of the year and gave Mary Folmsbee a key.

To acquire a prescriptive easement, plaintiffs must show by clear and convincing evidence that they or their predecessors used the road through the Priday ranch in an open, notorious, adverse and continuous manner for 10 years. *Thompson v. Scott*, 270 Or 542, 546, 528 P2d 509 (1974). The only dispute in this case is whether plaintiffs' use was adverse. If plaintiffs demonstrate that they or their predecessors used the road openly and continuously for a 10-year period, their use is presumed to be adverse. *House v. Hager*, 130 Or App 646, 651, 883 P2d 261, *rev den* 320 Or 492 (1994). Here, evidence of plaintiffs' use of the road is sufficient to raise the presumption. The Pridays may rebut that presumption by proving express permission, or by evidence showing that plaintiffs and their predecessors used the existing road in a way that did not interfere with the Pridays' use. *Id.*

We conclude that the Pridays have rebutted the presumption of adverse use. There is no question that the road preexisted both Folmsbee and Priday ownership. The Pridays established that plaintiffs and their predecessors did not interfere with their use of the road. For example, the Pridays drove cattle and rode horses over the road for years. There was no evidence suggesting any interference with that use. In addition, there was other evidence indicating that plaintiffs' use was permissive. Both before and after the Folmsbee purchase, various people used the road as access for hunting and fishing. The fact that other people used the road indicates that the use was permissive. *Thompson*, 270 Or at 551-52; *Read v. Dokey*, 92 Or App 298, 301-02, 758 P2d 399 (1988).

Plaintiffs point to no other evidence of adverse use, and we find none. We conclude that plaintiffs have failed to prove that they acquired an easement by prescription. Because the claim for a prescriptive easement fails, the claim for interference with that easement also fails.

Defendants' fifth assignment asserts that the trial court erred by failing to quiet title in favor of defendants. In the light of our holding that the court erred in granting the prescriptive easement, defendants are entitled to a judgment quieting title.

Because of our disposition of defendants' first and fifth assignments of error, we need not address their remaining assignments.

Reversed and remanded with instructions to dismiss plaintiffs' claims for prescriptive easement and interference and to enter judgment quieting title in defendants; otherwise affirmed.