Argued and submitted June 8, 2005, reversed and remanded for entry of judgment for defendant May 31, 2006

James M. BRIDSTON
and Susan M. Knapp-Bridston,
husband and wife,
*Respondents,*

*v.*

PANTHER CRUSHING CO., INC.,
an Oregon corporation,
*Appellant.*

01-0845-E2; A122275

136 P3d 84

Charles E. Bolen argued the cause for appellant. With him on the briefs were Hornecker, Cowling, Hassen & Heysell, L.L.P., and Joseph E. Kellerman.

Bryan E. Blodgett argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Wollheim and Schuman,* Judges.

* Schuman, J., *vice* Ceniceros, S. J.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant Panther Crushing Co., Inc., appeals from a judgment of the trial court granting plaintiffs James Bridston and Susan Knapp-Bridston a prescriptive easement to a road on defendant's property. Defendant assigns error to the trial court's conclusion that it failed to rebut the presumption of adverse use. On *de novo* review, *R & C Ranch, LLC v. Kunde*, 177 Or App 304, 310, 33 P3d 1011 (2001), we reverse.

The road in question is referred to by the parties as Haul Road. Plaintiffs have used Haul Road for access to their property from the north since they purchased it in October 1991. Plaintiffs possess a deeded easement on the south side of their property. That easement requires plaintiffs to park on the other side of a creek and walk across a footbridge to reach their property.[1]

Before 1976, plaintiffs' property was owned by Pete Logan. During Logan's tenure as landowner, defendant's property was owned by Harold Shockley. At some point during his ownership, Logan sought to build a home and asked Shockley for permission to cross Shockley's property to transport building materials, as the footbridge could not be used for such a purpose. Shockley allowed Logan to cross his property for that purpose.

In 1976, Logan sold plaintiffs' property to Kenton Stover and defendant's property was owned by Lyle Beeney, who built Haul Road in 1972.[2] During Stover's ownership, he always used Haul Road for ingress and egress without express permission from Beeney. Stover helped maintain the road, which was commonly used by others as well. Stover and Beeney had a friendly relationship, and, at some point, Beeney erected a gate on Haul Road and gave Stover a key.

During Stover's ownership, Beeney transferred his property to Jack Batzer. Stover asked Batzer for an easement over Haul Road. Batzer refused to grant Stover an easement,

---

[1] The footbridge was destroyed by a flood in 1997.

[2] Haul Road apparently existed during Shockley's ownership but was most likely unimproved until Beeney's ownership.

but told him that he could use the road. Batzer never had any problems with Stover's use of the road.

While Stover still owned plaintiffs' property, Batzer transferred his property to defendant. Plaintiffs purchased their property from Stover in October 1991. As part of the purchase agreement, Stover agreed to hold $20,000 of the purchase price in escrow for the purpose of building a bridge over the deeded easement. Plaintiffs never built the bridge and the money reverted to Stover. Within a year after plaintiffs moved in, a conversation took place between plaintiff James Bridston and William Link, the owner of defendant Panther Crushing Co., Inc. Link's son, David, testified that he was present during that conversation and specifically recalled Bridston asking Link if "he could use the road until the bridge was completed," to which his dad replied, "OK." Bridston denied ever asking Link for permission to use the road, and testified that Link "made it clear that he didn't approve of the use of the road."

On June 2, 1997, defendant sent plaintiffs a letter stating that plaintiffs' use of Haul Road "amounts to a trespass" and requesting that plaintiffs stop using the road or risk court proceedings to enjoin them from doing so. On June 17, 1997, plaintiffs responded, explaining that "they have the right to use the existing road on the property pursuant to an easement that was granted in a warranty deed[.]" Plaintiffs later discovered that their belief that they had a deeded easement over Haul Road was erroneous.

On October 17, 2000, defendant sent plaintiffs a letter stating that it "does not recognize your easement to use the H[aul] Road for ingress and egress." Defendant also stated "that [plaintiffs'] use of the H[aul] Road for ingress and egress * * * is a permissive use that may be rescinded at any time, for any reason or no reason whatsoever."

On February 8, 2001, defendant sent plaintiffs another letter that stated, "This letter is intended to put [plaintiffs] on notice that [their] permissive use of any property owned by [defendant] for alternate access to [plaintiffs'] adjacent parcel is hereby revoked * * *." Sometime during the summer of 2000, and once in 2001, plaintiff Sue Knapp-Bridston had near-accidents on Haul Road.

On March 19, 2001, plaintiffs filed a complaint seeking a prescriptive easement over Haul Road and to enjoin defendant from restricting their use of the road for ingress and egress. Plaintiffs also sought a preliminary injunction enjoining defendant from restricting access to the road during the pendency of the case. The trial court granted plaintiffs' motion for a preliminary injunction. The case proceeded to trial, and the trial court entered judgment in favor of plaintiffs on their prescriptive easement claim. In a letter opinion, the trial court found that there was a presumption of adverse use as a result of plaintiffs' and their predecessors' open and continuous use of the road for 10 years. The trial court then reviewed the evidence elicited by defendant to rebut the presumption:

> "The problem arises in the manner in which defendants have attempted to show that the use is permissive. In their memorandum of law defendant[ ] rel[ies] on that line of cases beginning with *House v. Hager*, [130 Or App 646, 883 P2d 261, *rev den*, 320 Or 492 (1994)], which states that the presumption of adverse use can be rebutted by showing that users used an existing road in a way that did not interfere with the owner's use. Defendant did elicit testimony to support this theory. It is the nature of the testimony that is troubling.

> "There are examples of facts to the contrary, which had seemed to be uncontroverted. In 1997 defendant through its attorney wrote a letter to the plaintiffs informing them that defendant * * * [was] aware that plaintiffs 'have been using the road' and that the use was a trespass * * *. In their answer defendants asserted * * * that 'plaintiffs were allowed to permissively come onto defendant's property. Within the last year, permission was revoked.' * * * At the preliminary injunction hearing, David Link * * * testified plaintiffs' use of the road had resulted in certain problems. While apparently misspeaking initially and saying no problems existed, Mr. Link then testified that Ms. Bridston had had an accident when she hit a rock and that one of plaintiffs had pulled out in front of one of the trucks * * *.

> "* * * * *

> "The pretrial order required the parties to submit trial memoranda five days before trial. Plaintiffs submitted

their brief in accord with this requirement. Defendant submitted its brief after the close of evidence, labeling it a 'closing argument.' The theory of noninterference was first introduced in the 'closing argument.' It appeared to be a new theory developed for trial, and not used previously.

"* * * Because of the nature of defendant's inconsistent positions and inconsistent testimony, even though plaintiffs agreed they had caused no interference with defendant's use of the road, I am left with an uneasy feeling about defendant's proof on this issue."

In order to establish a prescriptive easement, plaintiffs must demonstrate that their use of the road has been open, continuous, and adverse for a period of 10 years. *R & C Ranch*, 177 Or App at 311. The trial court was correct, and the parties do not dispute, that, because plaintiffs' and their predecessors' use of the road has been open and continuous for at least 10 years, plaintiffs are entitled to a presumption of adverse use. *Id.* Although plaintiffs had not used Haul Road for the requisite 10 years, they may tack their predecessors' use to satisfy the 10-year period. *Faulconer v. Williams*, 327 Or 381, 393, 964 P2d 246 (1998). Defendant may rebut the presumption of adverse use by showing that plaintiffs' use was permissive. *R & C Ranch*, 177 Or App at 311. Defendant assigns error to the trial court's conclusion that it did not rebut the presumption of adverse use.

In its letter opinion, the trial court focused on whether plaintiffs' use of Haul Road interfered with defendant's use. The trial court found defendant's assertion of noninterference to be not credible, noting defendant's 1997 letter to plaintiffs stating that plaintiffs' use of the road was a "trespass," in addition to David Link's testimony that there had been a couple near-accidents involving plaintiff Sue Knapp-Bridston. However, the trial court failed to address the nature of plaintiffs' predecessors' use of Haul Road before plaintiffs purchased the property. In discussing defendant's credibility, the trial court referred only to incidents involving defendant and plaintiffs. The trial court did not give any reason, nor do we find any, why the testimony of defendant's predecessors was not credible. Because plaintiffs are required to tack their period of use to their predecessors' use

in order to satisfy the 10-year period, if their predecessors' use of the road was permissive, plaintiffs' claim fails.

We assume that the trial court was correct in finding that plaintiffs' use of the road was adverse. We therefore turn to the nature of plaintiffs' predecessors' use of the road. Evidence of predecessor Logan's use of the road is scant. Shockley testified that he gave Logan permission to cross his property (presumably over what is now Haul Road) in order to transport materials to build a house and that he was unaware of any use by Logan exceeding the scope of his permission. There is no other evidence in the record that sheds light on Logan's use of the road, and, from that evidence, we conclude that Logan's use was permissive.

We also conclude that predecessor Stover's use of the road was permissive. Stover owned plaintiffs' property from 1976 until he sold it to plaintiffs in 1991. Stover testified that he thought he had a right to use the road and that he never asked permission to use it. However, Batzer testified that he gave Stover express permission to use the road after rejecting his request for an easement. In addition, Stover was on friendly terms with Beeney, Batzer's predecessor, who testified that he had built the road. Although the nature of the relationship itself is insufficient to rebut the presumption of adverse use, *R & C Ranch*, 177 Or App at 311, and Beeney testified that Stover never asked permission to use the road, Beeney also testified that he put up a gate on Haul Road and made sure that Stover had a key "because everybody who wanted to go through could go ahead and use it if they had business up there." Those two facts indicate a permissive use. *See Nice v. Priday*, 137 Or App 620, 624-25, 905 P2d 252 (1995), *rev den*, 322 Or 644 (1996) (servient estate building a gate and giving others a key was indicative of permissive use); *see also Skidmore v. Clark*, 205 Or App 592, 598-99, 135 P3d 367 (2006); *Hayward v. Ellsworth*, 140 Or App 492, 497, 915 P2d 483 (1996) (more inferable that use was pursuant to a "friendly arrangement" where servient owner constructs the road).[3]

---

[3] Although each case involving a claim for a prescriptive easement must be decided on its own facts, a comparison between the facts in the above cases and the facts in *R & C Ranch LLC v. Kunde*, 177 Or App 304, 33 P3d 1011 (2001) is instructive. In the latter case, after the defendant's predecessors plowed over the claimed roadway and attempted to grow wheat on that strip of land, the plaintiffs'

Stover also testified that he helped maintain the road. We have consistently held that such an action by the dominant estate holder is indicative of a permissive use. *Skidmore*, 205 Or App at 598. Moreover, Stover and other witnesses all testified that the road was used in common with other people, another factor that weighs in favor of permissive use. *Nice*, 137 Or App at 625.

In sum, even assuming that the trial court was correct in concluding that plaintiffs' use of Haul Road was adverse, plaintiffs cannot rely on their use alone in satisfying the 10-year period. And because we conclude plaintiffs' predecessors' use of the road was permissive, plaintiffs cannot establish a prescriptive easement. Accordingly, the trial court erred in concluding otherwise.

Reversed and remanded for entry of judgment for defendant.

---

predecessors continued driving over it and using it as a means of access to their property. 177 Or App at 313. In contrast, in the former cases, the use of the disputed strip of land occurred under circumstances more akin to permissive arrangements between adjoining landowners.