Argued June 15, affirmed as modified July 13, 1960

# SCHMITT ET UX *v.* CULHANE ET AL

354 P. 2d 75

*Charles S. Crookham,* Portland, argued the cause for appellants. With him on the brief were Vergeer & Samuels, Portland.

*Cleveland C. Cory,* Portland, argued the cause for respondents. With him on the brief were Hart, Rockwood, Davies, Biggs & Strayer and Clarence R. Wicks, Portland.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL and MILLARD, Justices.

MILLARD, J. (Pro Tempore)

This is an appeal by certain landowners in Tunnelwood Park, a platted subdivision, who with others were named defendants in a proceeding instituted in the circuit court of Multnomah county by plaintiffs, who were also landowners in the subdivision, and wherein plaintiffs seek a declaratory judgment with reference to the effect to be given a certain deed restriction purporting to affect the titles to most of the area included in the subdivision. The trial court by its judgment and decree found plaintiffs' land to be free from the restriction. Hereafter when we refer to defendants we will be designating such of the defendants as have appealed.

Tunnelwood Park, containing 12 large lots, was originally platted as a subdivision in 1925, free of any restrictions. Eventually most of the subdivision was acquired by the Noslers and Renners who, about 1947 and thereafter, deeded the various lots owned by them to persons through whom the parties to this proceeding claim title. In deeding the lots both the Renners and Noslers imposed various deed restrictions on most of the land conveyed, one of which re-

strictions provided that "not more than one dwelling may be erected on a single tract of land conveyed." It is conceded that such restrictions were for the benefit of all parcels in the subdivision. Several of the lots have been subdivided and a separate dwelling constructed on each of the parcels. Plaintiffs, knowing of the restriction, became the owners of lot 12, which does not have any dwelling on it but which was subjected to the restriction by a former grantor. Plaintiffs propose to subdivide that lot into three parcels so that a house may be built on each parcel, claiming that such proposed action is not a violation of the restriction. Plaintiffs contend that the restriction was intended to prohibit the construction of multiple dwellings on any tract in the area, and not to prevent the construction of single dwellings on separate parcels after further subdivision. Defendants, on the other hand, claim that the restriction is clear and unambiguous and that plaintiffs may only construct one building on the entire lot. They threaten suit in the event plaintiffs proceed with their plans.

As their first assignment of error defendants contend that the trial court erred in invalidating the deed restriction herein set forth. In *Scott Co. v. Roman Catholic Archbishop,* 83 Or 97, 105, 163 P 88, this court held that "It is a familiar rule of law that restrictive covenants are to be construed most strictly against the covenant; and unless the use complained of is plainly within the provisions of the covenant it will not be restrained." Nor will such restrictions be aided or extended by implication or enlarged by construction, all doubt being resolved in favor of unrestricted use. 14 Am Jur 621, Covenants, Conditions and Restrictions § 212; *Hall v. Risley and Heikkila,* 188 Or 69, 87, 88, 213 P2d 818.

■ Applying these principles, we now turn to a determination of the effect of the questioned covenant. It will be noted that the restriction did not by its very terms apply to a "single lot" conveyed, but instead applied to a "single tract" of land conveyed. Neither did the instrument creating the restriction refer to land "hereby conveyed" but only to land conveyed. It is obvious, therefore, that we may not adopt the construction contended for by defendants to the effect that only one dwelling could be erected on one lot in Tunnelwood Park. To so hold would tend to extend or enlarge the meaning of the word "tract" to mean "lot." Nor are we justified in assuming that once a single tract of land was first conveyed subject to the restriction that thereafter only one building might be constructed thereon. Had the grantors so intended, they could have stated simply that only one dwelling might be erected upon the land conveyed. To adopt the construction urged by defendants here would again tend to enlarge or extend the terms actually used. Suppose, for example, that after the Noslers and Renners disposed of the property and before any construction, several lots came into one ownership. It could not then be seriously contended that such owner would be confined to building one dwelling on the entire tract. Nor has the construction contended for by defendants been universally adopted by all the owners who owned land subject to the restriction. Thus, both lots 10 and 11 had been extensively subdivided. Further, 18 houses have thus far been built on 11 lots. We hold in accordance with plaintiffs' contention that the purpose of the restriction was to prohibit only the erection of multiple dwellings on any one tract in the area. The trial court held that the restriction did not apply to plaintiffs' land and

enjoined defendants from enforcing the restriction and removed it as a cloud on plaintiffs' title. This, we think, went too far. The restriction, insofar as it prohibits the construction of multiple dwellings on plaintiffs' tract, is still valid and should not have been removed as a cloud by the decree of the lower court. However, the covenant does not restrict the plaintiffs in further subdividing the original parcels conveyed, and to this extent plaintiffs are entitled to have their titles cleared and the judgment and decree of the lower court are modified accordingly.

■ Defendants next contend that the trial court erred in failing to find that plaintiffs had a plain, speedy or adequate remedy at law as claimed by defendants in their answer. This was a proceeding for a declaratory judgment. The courts may not decline a declaratory judgment on the mere ground that another remedy is available, since declaratory relief was not intended to be exclusive or extraordinary, but alternative and optional. *Recall Bennett Com. v. Bennett et al.*, 196 Or 299, 323, 249 P2d 479; Borchard, Declaratory Judgments 302, 303. We find this assignment without merit.

■ As their last assignment of error defendants contend that the plaintiffs had waived any right to test the validity of the restriction. Defendants at the opening of the trial requested permission of the court to be allowed to file a third further and separate answer and defense in which they claimed plaintiffs had waived any right they might have had to construct more than one dwelling on their lot. Plaintiffs objected to the allowance of this amendment, and the court deferred its ruling, with the result that the amendment was never allowed. As a result the amendment was never legally filed and, hence, was not be-

fore the court and judgment could not be predicated thereon. *Alery v. Alery, Jr., et ux.*, 193 Or 336, 341, 238 P2d 771. Hence, we find this assignment without merit.

In view of the above conclusions the judgment of the trial court as herein modified is affirmed. As in the trial court, neither of the parties here will be allowed their costs and disbursements.