On respondent's petition for reconsideration filed November 25.
Former opinion filed October 20, 23 Or App 90, 541 P2d 502.
Former opinion affirmed as modified December 22, 1975,
petition for review allowed January 27, 1976

BROOKS, *Appellant, v.* DIERKER et al
(No. 73-1487-E), *Respondents.*
544 P2d 598

Thomas J. Owens, Medford, for petition.

No appearance contra.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

Defendants petition for reconsideration of our previous decision, contending that we erred in several particulars. We have undertaken reconsideration of the case pursuant to Rule 9.15, Rules of Procedure of this court.

First, defendants challenge the conclusion in the opinion that plaintiff is entitled to have his rights determined pursuant to the 1970 ordinance, rather than the 1972 ordinance. Defendants criticize our reliance upon *Morgan v. Morgan,* 13 Or App 14, 507

P2d 409, Sup Ct *review denied* (1973), for this conclusion.

After reviewing this question in the light of defendants' arguments we reaffirm the above conclusion. We believe that the language quoted from *Morgan* regarding the right of a plaintiff to have his rights determined according to the statutes in effect at the time his complaint was filed (in this case when plaintiff's application for a permit was first filed), is a correct statement of the law. *Accord*: *Joseph v. Lowery*, 261 Or 545, 495 P2d 273 (1972); *Smith v. Clackamas County*, 252 Or 230, 448 P2d 512 (1969); *Fidalgo Island Packing Co. v. Phillips*, 147 F Supp 883 (DC Alas 1957).

Moreover, defendants' argument on the first point ignores an important additional factor here— the significant effect of the savings clause. This is fully discussed in the original opinion.

■ Second, defendants assert that the majority opinion fails to distinguish between statutory amendments which affect substantive rights, and those which affect procedural rights. Defendants argue that our conclusion is not consistent with existing law, which holds that amendments affecting procedural rights apply to pending cases. We are aware of the rule of law which defendants press upon us, and we have no quarrel with it. However, we believe it is not applicable here because the 1972 ordinance was more than a change in procedural rights—it made important changes in the substantive rights. For example, under the old ordinance the scope of review on appeal was "limited to interpretations of the ordinance;" whereas under the 1972 ordinance there was no such limitation.

Third, defendants aver that our decision was based upon the misapprehension that the ordinance

was enacted retroactively. We have again reviewed the facts and can come to no other conclusion than that the county commissioners adopted the ordinance on October 18, 1972, and made it effective nunc pro tunc retroactive to August 9, 1972.

In any event, in our view of the law applicable to this issue, whether or not the ordinance was adopted nunc pro tunc does not change the result.

Fourth, defendants contend that the plaintiff's request was for legal, not equitable, relief. Therefore, the trial court's findings were conclusive if supported by the evidence.

■ A suit for declaratory judgment may be regarded as being equitable or legal in character depending upon the nature of the proceeding. *Port of Portland v. Maxwell*, 9 Or App 105, 496 P2d 23 (1972). We would characterize plaintiff's action as being more legal than equitable in character. It is true that as a general rule where a proceeding is viewed as being in the nature of a law action, a trial court's finding on a disputed question of fact is binding on this court. However, here the facts were stipulated between the parties. Therefore, the question before the trial court was not one of fact but purely one of law. For this reason the trial court's findings and conclusions are not binding on this court.

■ Fifth, we believe we should say a word about the first ground on which the dissenting opinion takes issue with the majority opinion, namely, that plaintiff should be denied relief by declaratory judgment because his complaint was filed more than 60 days after the final administrative action by the Jackson County Sewage Disposal Appeals Committee.

We recognize that the appellate courts of a number of jurisdictions have imposed similar restric-

tions. *See* cases collected in Annotation, 151 ALR 1076 (1944), and supplemental case annotations.

We agree that there is much to be said in favor of such a rule. However, we are opposed to taking such a step by court decision *ex post facto* in this case because in our opinion this would constitute judicial legislation.

This point concerning the time factor was neither briefed nor argued by the parties in either the trial court or in this court.

Also, the Oregon version of the Uniform Declaratory Judgment Act contains no such language. To the contrary, our statute provides that declaratory relief is available "whether or not further relief is or could be claimed." ORS 28.010.

Our Supreme Court has said that "declaratory relief was not intended to be exclusive or extraordinary, but alternative and optional." *Schmitt et ux v. Culhane et al*, 223 Or 130, 134, 354 P2d 75 (1960). We can find no basis elsewhere in our statutes which would authorize the courts to change the law in this respect. This is a legislative matter.

Finally, we wish to correct a minor factual error which occurs in several places in the original opinion. After reexamining the record, we conclude that all appeals in this case from the decision of the county health officer with reference to plaintiff's application were initiated by an adjacent property owner, rather than by the county itself as stated in the opinion. We regret this error. It does not, however, have any bearing on the issues or outcome of this case.

In conclusion, we feel that some mention should be made of the dissent's claim that declaratory judgment proceedings are not subject to any limitations period.

First, we have not held this, either directly or by implication. The dissent's fears of challenge to all quasi-judicial determinations "since the first day of statehood" are without foundation. ORS 12.140 provides that "[a]n action for any cause not otherwise provided for shall be commenced *within 10 years.*" (Emphasis supplied.)

Second, even if we were to hold that statutes of limitations are inapplicable to declaratory judgment proceedings, we would not be the first appellate court to so hold. This fact emerges from an examination of *Kirn v. Noyes,* 262 App Div 581, 31 NYS2d 90 (1941) and *Clarke v. Walker,* 25 Tenn App 78, 150 SW2d 1082 (1941) as shown at page 1079 of the Annotation, 151 ALR 1076 (1944) on which the dissent relies for the opposite conclusion.

For these reasons the decision in *Allied Vet. Council v. Klamath Co.,* 23 Or App 653, 544 P2d 190 (1975) is not inconsistent with our holding in the instant case. The dissent's reliance on *Allied* is inapropos for an additional reason—it dealt with laches, a common law equitable doctrine, as distinguished from the statutes of limitation of statutory origin.

We find irony in the dissent's fears that our decision may be a disservice to property owners who need to have a reliable final decision "so they can safely proceed accordingly." It is this very interest of the property owner which our decision protects. When a property owner files the necessary papers, gets the required approval, successfully battles an appeal, and is told by the proper official that his permit is "reinstated," we think that it is unjust to move the goal posts.

Former opinion affirmed as modified.

SCHWAB, C. J., dissenting.

Nothing in the majority's supplemental opinion persuades me to change the views expressed in my initial dissent.

## I

The most significant issue in this case is whether any statute of limitations is applicable to declaratory judgment proceedings. The m a j o r i t y makes this the first appellate court to hold declaratory judgment proceedings are not subject to any limitations period. Annotation, 151 ALR 1076 (1944); 22 Am Jur2d, Declaratory Judgments 940, § 78. This means that all quasi-judicial determinations made by all local governments since the first day of statehood, such as a permit issued 20 or 30 years ago to build a multi-million dollar office building, are now open to challenge by way of declaratory judgment proceedings. Such a rule is a disservice to property owners and local officials who need to know that quasi-judicial decisions are final so they can safely proceed accordingly.

But the view of the majority in this case is not necessarily the view of a majority of the court. Today a different panel holds in the declaratory judgment case of *Allied Vet. Council v. Klamath Co.,* 23 Or App 653, 544 P2d 190 (1975), that the plaintiffs are barred by the doctrine of laches. I agree with the panel in *Vet. Council;* I disagree with the majority in this case.

## II

Assuming that the 1972 ordinance became effective on August 9, and that there was an appeal pursuant to the terms of the 1972 ordinance on August 22, I have extreme difficulty understanding the reasoning that leads the majority to the conclusion that the repealed *procedures* of the 1970 ordinance must never-

theless be followed. Statutory changes can and frequently do modify the procedures applicable to matters pending before administrative agencies and courts. We follow the procedural law in effect when procedural determinations are made. The majority apparently would require that we look up what the procedural law was at the time a case was filed. Especially in areas where the procedural rules are changed often, this imposes an unreasonable burden on all concerned. I am not willing to join in doing so.