# BROOKS, *Respondent,*

*v*

# DIERKER et al, *Petitioners.*

552 P2d 533

*Thomas J. Owens,* Medford, argued the cause and filed briefs for petitioners.

*Robert A. Boyer,* of Boyer & Putney, Medford, argued the cause and filed a brief for respondent.

*Frank McKinney,* Marion County Counsel, Salem, filed an amicus curiae brief for Association of Oregon Counties et al in support of petitioners.

Before O'Connell, Chief Justice,* and Denecke,** Holman, Tongue, Howell and Bryson, Justices.

(For Court of Appeals opinion, see 23 Or App 90, on reconsideration 23 Or App 697) (Appeal from Circuit Court, Jackson County, James M. Main, Judge)

HOWELL, J.

---

*Chief Justice when case was argued.
**Chief Justice when case was decided.

**HOWELL, J.**

This is a declaratory judgment proceeding involving a dispute between the parties as to whether the plaintiff is entitled to a sewage disposal permit. The trial court upheld the county's revocation of the sewage disposal permit, but the Court of Appeals reversed, 23 Or App 90, 541 P2d 502 (1975), *on reconsideration* 23 Or App 697, 544 P2d 598 (1975). We granted review principally to decide whether declaratory judgment proceedings are a proper avenue for judicial review of the actions of the county governments and their agencies and, if so, what statutes of limitations would be applicable. The record on appeal in this case is completely inadequate. No evidence was introduced in the circuit court; the only facts before us are those admitted in the pleadings and those contained in a stipulation of the parties.

On June 5, 1972, plaintiff, the owner of four acres of land in Medford, was granted a permit by the county health officer to construct a sewage disposal system on the property. Under the Jackson County Sewage Disposal ordinance of 1970, which was in effect at that time, the county health officer was responsible for the evaluation of the proposed facilities and the issuance of permits. Interested persons who were dissatisfied with the actions of the health officer could, within 30 days, appeal to the county planning commission. Apparently someone appealed the issuance of plaintiff's permit to the Jackson County Planning Commission, and a public hearing was held which resulted in a "stay" of the permit. On August 9, 1972, the planning commission in effect "remanded" the matter to the health officer for further study and tests. After this re-evaluation the health officer notified plaintiff that his permit was "reinstated."

On August 9, 1972, Jackson County adopted a new sewage disposal ordinance which gave the health officer the same duties as before but provided for a different appeals procedure. An "Appeals Committee"

was established, and the ordinance provided that any interested person could appeal any action of the health officer to the committee within 30 days. Provision was also made for appropriate notice and for a public hearing before the appeals committee.

After the "reinstatement" of plaintiff's permit, a second appeal of the health officer's action was filed on August 22, 1972. Again we do not know by whom. The appeal was taken under the new ordinance but was "addressed to and received by the Jackson County Board of Commissioners." At some point, the appeal was apparently transferred to the appeals committee, which held a public hearing on December 14 and revoked the permit on December 26. The record does not indicate whether plaintiff appeared at the hearing.

In August of 1973, plaintiff sought review of this revocation by means of a petition for a writ of mandamus in the circuit court. A demurrer to the writ was sustained, but plaintiff was granted leave to plead further. In January, 1974, plaintiff transformed the proceeding to its present form by filing an amended complaint seeking a declaratory judgment. Defendants again demurred and contended that declaratory relief was improper. The demurrer was overruled.

On January 7, 1975, the circuit court, after specifically finding that the county appeals committee had acquired jurisdiction, upheld the appeals committee's revocation of plaintiff's permit. The Court of Appeals reversed, with Schwab, C. J., dissenting. The majority held that since the permit had been granted under the 1970 ordinance, it could only be revoked in review proceedings under that ordinance, and the appeals committee established by the 1972 ordinance thus had no jurisdiction to revoke. The court remanded so that the appeal could be re-brought under the 1970 ordinance. The dissent disagreed with the majority's holding that the 1972 ordinance's appeal procedures were inapplicable to the appeal of plaintiff's permit, and argued that in any event the 60-day limitation period for

bringing a writ of review should have been applied by implication to this declaratory judgment action to bar review by the circuit court. The dissent also argued that review should be barred on the grounds that there was no record of the proceedings below.

■■ The Court of Appeals then undertook reconsideration of the case pursuant to Rule 9.15. The majority reaffirmed its holding on the inapplicability of the 1972 ordinance and went on to dispute the dissent's contention that declaratory relief was improper and/or should be subject to a 60-day limitation for filing. Apparently, the majority held that declaratory suits are subject only to the residual 10-year statute of limitations contained in ORS 12.140. This holding is clearly in error, and we feel obliged to correct it. As the dissent pointed out, the conclusion reached by the Court of Appeals is contrary to the general rule that when declaratory relief is sought as an alternative to other appropriate and otherwise available relief, the relevant limitations period for the declaratory judgment suit should be based on that of the underlying grounds for relief. *See, e.g., Maguire v. Hibernia Savings & Loan Soc.,* 23 Cal 2d 719, 146 P2d 673, 151 ALR 1062 (1944); *Goldman v. Planning Board of Burlington,* 347 Mass 320, 197 NE2d 789 (1964); *Finlayson v. West Bloomfield Tp.,* 320 Mich 350, 31 NW2d 80 (1948); *Taylor v. Lovelace Clinic,* 78 NM 460, 432 P2d 816 (1967).

Applying that rule to this case, we find that the underlying basis for relief is the writ of review procedure which has been codified in ORS 34.010 *et seq.* This is now the normal vehicle for obtaining judicial review of the judicial and quasi-judicial actions of local governments. *See* ORS 34.040. *See also* ORS 203.200, 215.422(4), 227.180(2). Therefore, even if a declaratory judgment proceeding is an appropriate alternative means of securing judicial review in a particular case, we believe that the period of limitations for such a suit must coincide with the 60-day statutory period provided for writs of review.

■■ However, unlike the statutory period for writs of review, which has been held to be jurisdictional, the period of limitations in a declaratory judgment proceeding is an affirmative defense and, as in other cases, normally it must be raised at the pleading stage or it is waived. *See, e.g., Furrer v. Talent Irrigation District,* 258 Or 494, 518-19, 466 P2d 605 (1971). In this case the issue was not properly raised, and, therefore, defendants cannot prevail on that basis. There is another ground, however, for holding that the exercise of declaratory relief is inappropriate in this case, regardless of the merits of plaintiff's argument.[1]

■ Although ORS 28.010 provides that declaratory relief need not be withheld simply because "further relief is or could be claimed," the existence of a more appropriate remedy is a relevant consideration in determining whether declaratory relief is proper. *Campbell v. Henderson,* 241 Or 75, 80-81, 403 P2d 902 (1965). *See also* Borchard, Declaratory Judgments 302 (2d ed 1941):

> "[T]he court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, *or where another remedy will be more effective or appropriate under the circumstances.* In these cases it is neither useful nor proper to issue the declaration. * * *" (Emphasis added.)

*Accord, Nelson v. Knight,* 254 Or 370, 460 P2d 355 (1969); *Recall Bennett Com. v. Bennett et al.,* 196 Or 299, 249 P2d 479 (1952); *Snyder v. City of Lakewood,* 542 P2d 371 (Colo 1975).

---

[1]The primary issue raised by the parties in their stipulation was whether the appeal provisions of the 1970 ordinance or those of the 1972 ordinance were applicable to the August 22, 1972, appeal of plaintiff's permit. We are inclined to disagree with the conclusion which the Court of Appeals reached on that issue, and to agree with the determination of the trial court, for the reasons expressed by Chief Judge Schwab in his dissenting opinion. However, because of our decision as to the propriety of a declaratory judgment proceeding in this case, we need not decide which ordinance was applicable.

It has been suggested that whenever a writ of review is an available method of securing review of the actions of a local governing body in land use cases, it should be the exclusive remedy in all but a few instances. *See Snyder v. City of Lakewood, supra;* Sullivan, *From Kroner to Fasano: An Analysis of Judicial Review of Land Use Regulation in Oregon,* 10 Will L J 358, 370-75 (1974).[2] Although at this stage we would hesitate to foreclose all resort to declaratory judgment proceedings in land use cases, we are in general agreement with the position taken by these authorities.

■ The writ of review is an economical, expeditious and procedurally simple remedy which allows the reviewing court to examine the record made in the proceeding below. It has the beneficial effect of limiting the scope of review to those matters which were brought to the attention of the lower tribunal and passed upon by that body. In contrast, a declaratory judgment proceeding presumes to examine the controversy de novo, and it allows the parties to present new evidence, to raise new issues, and to relitigate the entire proceeding. Such a method of review fails to give proper regard to the actions of local governing bodies. It is also undesirable from the standpoint of conserving judicial resources.

■ Therefore, we conclude that in this case, as in most other instances, the writ of review procedure was the proper method for securing judicial review of the quasi-judicial decision of the local governing body, and that the bringing of a declaratory judgment proceeding was inappropriate.

Reversed and remanded to the Court of Appeals with directions to order the trial court to enter a judgment dismissing the declaratory judgment proceedings.

---

[2] *But cf.,* Comment, *The Delicate Art of Choosing a Judicial Remedy in Oregon Land Use Controversies,* 55 Or L Rev 119 (1976).