Argued June 24, affirmed August 9, reconsideration denied September 15, petition for review denied October 12, 1976

CALDWELL et ux, *Appellants,*
*v.*
W. E. WUNDERLICH et al, *Respondents.*
(No. 29558, CA 5124)

552 P2d 1321

*John C. Caldwell,* Oregon City, argued the cause for appellant. With him on the briefs were Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

*Lawrence M. Dean,* Astoria, argued the cause for respondents. With him on the brief were MacDonald, Dean, McCallister & Snow, Astoria, and Steven T. Campbell, Seaside.

Thomas P. Davis, Portland, submitted a brief amicus curiae for Northwest Environmental Defense Center.

Before Foley, Presiding Judge, and Fort and Thornton, Judges.

Affirmed. *Brooks v. Dierker,* 275 Or 619, 552 P2d 533 (1976).

FOLEY, J.

Thornton, J., specially concurred with opinion.

**THORNTON, J.,** specially concurring.

I agree with the majority that we are bound by *Brooks v. Dierker,* 275 Or 619 552 P2d 533 (1976), and accordingly am obliged to concur. It is my view, nevertheless, that *Brooks* should be questioned for the following reasons:

As I read *Brooks,* it seems to me our Supreme Court has in effect amended the declaratory judgment statute (ORS 28.010 et seq) by judicial fiat in two particulars: (1) by declaring that a declaratory judgment action may not be brought to challenge the legality of quasi-judicial actions of local governmental bodies where writ of review is "appropriate"; and (2) by declaring that in any event a declaratory judgment proceeding in this type of case must be brought within 60 days following the decision of the governmental body.

According to a 1974 tabulation, more than half of the zoning appeals reaching the appellate courts of this state have been initiated as declaratory judgment proceedings.[1] By its action in *Brooks* the Supreme Court has now presumably withdrawn this form of remedy from further use in most cases of this type.

The Oregon Declaratory Judgment Law contains no such limitations. To the contrary our statute provides that declaratory relief is available "whether or not further relief is or could be claimed." ORS 28.010. *See, Schmitt et ux v. Culhane et al,* 223 Or 130, 135, 354 P2d 75 (1960).

I recognize that there is much to be said in favor of the result in *Brooks* in terms of public policy. However, this should be left to the legislature. I am strongly opposed to taking this step by court decision, and will briefly state my reasons.

The creation of forms of actions and suits, as well as the fixing of time limitations within which suits or

---

[1] *See,* Sullivan, *From Kroner to Fasano: An Analysis of Judicial Review of Land Use Regulation in Oregon,* 10 Will L J 358, 370 (1974).

actions must be brought, have heretofore always been considered to be subjects which were exclusively the prerogative of the legislative branch of government. *See, State v. La Follett,* 132 Or 257, 284 P 283 (1930); 16 Am Jur2d 471 et seq, Constitutional Law § 225 (1964); 51 Am Jur2d 596-97, Limitation of Actions § 9 (1970).

In *State v. La Follett,* supra at 264, our Supreme Court, in refusing to insert additional requirements in the contempt statute, observed:

"* * * To read into the statute a requirement not contained in the statute and which is wholly foreign to it is judicial legislation. * * *"

At the very least, if such action is to be taken, then the same should be taken prospectively, that is, it should apply only to future cases. I find it unfair for the judicial branch to make radical amendments in a statute *ex post facto* and without any prior notice to the affected property owners and to their legal counsel.