Argued and submitted April 5, affirmed on appeal and on cross-appeal July 31,
Bowen's petition for reconsideration and Westwood's petition for reconsideration
denied November 6, 1991, both petitions for review dismissed by stipulation
January 23, 1992 (312 Or 589)

# WESTWOOD CORPORATION, DEVELOPERS AND CONTRACTORS,
*Respondent - Cross-Appellant,*

*v.*

## Walter C. BOWEN,
dba Sunset Summit Co., and FDIC as Receiver
for American Diversified Savings Bank,
*Appellants - Cross-Respondents,*

### WILSEY & HAM,
dba Wilsey & Ham, Inc., William Workman,
Commercial Affiliates, Inc., R. W. White,
Betsy J. White, R. G. Clark, C. G. Hand
and Patsy H. Hand, dba Clark, Hand & White,
and WCB Leasing, Inc.,
*Defendants,*

*and*

## THE AMERICAN INSURANCE COMPANY,
*Additional Counterclaim Defendant-
Respondent - Cross-Appellant,*

*and*

## COMMERCIAL AFFILIATES, INC.,
R. W. White, Betsy J. White, R. G. Clark,
C. G. Hand and Patsy H. Hand,
dba Clark, Hand & White
*Cross-Claim Defendants.*

(86-1277-C; CA A60199)

815 P2d 1282

James N. Westwood, Portland, argued the cause for appellant - cross-respondent Walter C. Bowen. With him on the briefs were Miller, Nash, Wiener, Hager & Carlsen, Portland, and Susan G. Whitney and Seifer, Yeats, Whitney & Mills, Portland. Rick T. Haselton and Lindsay, Hart, Neil & Weigler, Portland, joined on the joint answering brief on cross-appeal.

Rick T. Haselton, Portland, argued the cause for appellant - cross-respondent American Diversified Savings Bank. With him on the briefs were David T. Douthwaite and Lindsay, Hart, Neil & Weigler, Portland.

James H. Clarke, Portland, the cause for respondents - cross-appellants. With him on the briefs were Vicki L. Smith, Jeffrey S. Love and Lane Powell Spears Lubersky, Portland, and Arthur L. Tarlow and Bolliger, Hampton & Tarlow, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff Westwood Corporation, Developers and Contractors (Westwood), the general contractor for defendant Bowen's Sunset Summit Apartments project, brought this action to foreclose a construction lien and for breach of contract for unpaid amounts that were due it under the parties' contract. Bowen counterclaimed against Westwood, and Bowen and its lender, American Diversified Savings Bank (bank), counterclaimed against Westwood's surety, American Insurance Company (AIC). The counterclaims alleged late completion and deficient workmanship and sought breach of contract damages from Westwood and a corresponding recovery against AIC's performance bond.

The parties stipulated that the unpaid amount under the construction contract between Bowen and Westwood was $945,000. The lien foreclosure, contract claim and counterclaims were tried simultaneously, the lien foreclosure to the court pursuant to ORS 87.060(3) and the others to a jury. The jury found that the damages caused by Westwood's breach of contract were $903,280. The court found Bowen's damages for the same breach to be only $48,000, concluded that Westwood had substantially performed and allowed the lien. The single judgment entered by the court included a net judgment of $41,720 ($945,000 less $903,280) for Westwood on the contract claims, as well as a foreclosure judgment for Westwood for $897,000 ($945,000 less $48,000) on its lien claim, plus attorney fees under ORS 87.060(5). The judgment also included a judgment for AIC on Bowen's and bank's bond claims and awarded AIC attorney fees under *former* ORS 743.114 (now ORS 742.061). Bowen and bank appeal. Westwood and AIC cross-appeal, but ask us to disregard the cross-appeal if we affirm on the appeal, as we do.[1]

Bowen and bank first assign error to the entry of a foreclosure judgment in an amount that reflected the trial court's finding on the lien claim of substantially less damages for Westwood's breach than the jury found on the contract

---

[1] Bank is in receivership and it has appeared through FSLIC and FDIC.

Bowen and bank have appealed and appeared separately. However, their assignments are essentially identical, and we will not distinguish between the appellants in describing their supporting arguments.

claims. They argue that the court was bound by the jury's finding on the common factual issue and that the court's failure to follow that finding deprived them of their constitutional right to a jury trial and to have the jury's finding not be reexamined by a court. They rely on Article VII (amended), section 3, of the Oregon Constitution, which provides, in part:

"In actions at law, where the value in controversy shall exceed $200, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."[2]

They also contend that the jury's finding was binding on the court under the doctrines of *res judicata* and law of the case.

ORS 87.060(3) provides:

"In a suit to enforce a lien perfected under ORS 87.035, the court shall allow or disallow the lien. If the lien is allowed, the court shall proceed with the foreclosure of the lien and resolve all other pleaded issues. If the lien is disallowed, and a party has made a demand for a jury trial as provided for in subsection (4) of this section, the court shall empanel a jury to decide any issues triable of right by a jury. All other issues in the suit shall be tried by the court."[3]

When a lien is allowable, the statute provides a remedy that is equitable in nature, *see, e.g., Ward v. Town Tavern et al.,* 191 Or 1, 25, 228 P2d 216 (1951), to which the jury trial provisions of the constitution, pertaining to actions at law, do not apply. It is also clear that, if there had been no contract claim or legal counterclaims in this case, the court would have been required by ORS 87.060(3) to determine whether the lien should be allowed or should be disallowed for substantial nonperformance, which would have required it to find the amount of offsetting damages for Westwood's deficient performance. There would have been no right to a jury trial on the question, if the lien were allowed. *See DeWitt-Erickson Const., Inc. v. Moran Const. Co.,* 86 Or App 474, 739 P2d 1071, *rev den* 304 Or 280 (1987); ORS 87.070.

---

[2] It is unclear whether Bowen and bank also rely on the Seventh Amendment to the federal constitution. Our analysis of the state law issue is also dispositive of the federal question, to the extent that there can be or is one.

[3] No argument is made that, because the lien was *allowed,* ORS 87.060(3) did not permit the legal issues to be submitted to the jury.

■ Bowen and bank do not appear to disagree with the foregoing propositions, but argue that the jury finding on the question common to the lien foreclosure and the contract claims somehow alters the equation and bound the court, or stripped it of authority to make its own findings in deciding the foreclosure action under ORS 87.060. Aside from sheer postulation, the thread of the arguments appears to be something like this: Under *res judicata* or law of the case principles, there can be only one finding of the same fact in a single case; therefore, the trial court cannot make a different finding from the jury's, or make a finding that binds the jury, without violating the constitutional right to a jury trial on the contract claims.

Bowen and bank rely primarily on *Beacon Theatres, Inc. v. Westover,* 359 US 500, 79 S Ct 948, 3 L Ed 2d 988 (1959), and other cases from other jurisdictions for the proposition that "*res judicata* and collateral estoppel can apply from one claim to another in a single lawsuit." However, in *Office Services Corp. v. CAS Systems, Inc.,* 63 Or App 842, 845, 666 P2d 297, *rev den* 295 Or 773 (1983), which no party cites, we reached the opposite conclusion on that state law question and held that, generally, the "bar of *res judicata* applies to subsequent lawsuits and not to *separate claims* within the same lawsuit." (Emphasis in original.) Bowen's and bank's reliance on *Rexnord Inc. v. Ferris,* 294 Or 392, 402-03 n 4, 657 P2d 673 (1983), does not assist them. The court there simply quoted and commented on Professor Merrill's discussion of the order of trial of joined equitable and legal claims, in which he referred to the *res judicata* concern expressed in *Beacon Theatres, Inc. v. Westover, supra.* Neither Merrill nor *Rexnord* suggests that that is also a problem under Oregon law, and *Office Services Corp.* is expressly to the contrary. *See also Onita Pacific Corp. v. Trustees of Bronson,* 104 Or App 696, 705, 803 P2d 756 (1990), *rev allowed* 311 Or 349 (1991).

The law of the case facet of Bowen's and bank's argument simply begs the question. The issue in this case is whether the factual question is for the judge, the jury or both. It is of no assistance in resolving that issue to say that the question is within the exclusive province of the first one that happens to answer it. If, as ORS 87.060(3) makes clear, the

court must answer the question in connection with the lien foreclosure, the law of the case doctrine does not transfer that authority or responsibility to the jury simply because it had to answer the same question of fact in connection with the separate contract claims.

Bowen and bank rely on our statement in *DeWitt-Erickson Const., Inc. v. Moran Const. Co., supra,* that ORS 87.060(3) "is irrelevant to a legal action for breach of contract." 86 Or App at 477. It is difficult to understand what comfort they find there, because *DeWitt-Erickson* also states that the statute *does* govern a lien foreclosure claim, like the one here, that is joined with a breach of contract claim.

The issue in *DeWitt-Erickson* was essentially the converse of (or complement to) the issue here. The plaintiff joined separate claims for lien foreclosure and breach of contract. The controlling question common to both was whether the plaintiff had substantially performed its contract with the defendant. The parties had agreed, as here, that they would try the case to the court and to a jury simultaneously. The court, in the lien foreclosure, found that the plaintiff had not substantially performed and, therefore, disallowed the lien. However, the jury returned a verdict for the plaintiff for the full amount on its contract claim. Judgment was entered on the verdict and the lien foreclosure was dismissed, even though the court's finding was at variance with that of the jury with respect to the plaintiff's performance. The defendant argued on appeal that the court's finding in the lien foreclosure was the "law of the case" and that the jury's contrary finding in the contract claim should not have been given effect. We rejected that argument, affirming the judgment. The obvious effect of the decision is that the trial court's finding in the equitable proceeding did not preclude the jury's independent and different finding on the same question in the legal claim, and the judgment giving effect to both determinations stood. That is precisely the same as the situation here, except that the shoe is on the other foot: The trial court gave judgment for plaintiff on the contract claim after reducing it by the amount that the jury determined should be offset; it also gave judgment for plaintiff on the lien foreclosure in accordance with *its* factual determination.

■ The overriding point that *DeWitt-Erickson* makes, correctly, is that, when both are properly presented, lien foreclosure issues and contract issues are triable to different factfinders, and neither's findings bind the other. *See also Palmer v. Central Oregon Irrigation Dist.,* 91 Or App 132, 137 n 3, 754 P2d 601, *rev den* 306 Or 413 (1988). *DeWitt-Erickson* and this case are almost identical, except that the appealing parties' contentions that one factfinder is bound by the other's findings come from opposite directions. Given our rejection of that contention in *DeWitt-Erickson,* neither that case nor the random language that Bowen and bank choose from it can assist them.

Bowen and bank also rely on *Sasser v. DeLorme,* 56 Or App 630, 642 P2d 1192 (1982), in which the plaintiff sought an accounting and also stated legal claims for money had and received and for conversion. The jury found for the defendant on the legal claims, and the court then treated the jury verdict as advisory and adopted it in the plaintiff's accounting claim. On appeal, the plaintiff contended that we should review the equitable claim *de novo.* We declined, explaining:

> "The right of defendant to use the funds was * * * determined in the two law actions. Equity cannot disregard the determination in the law action of the legal rights of the parties to funds involved in the accounting. A separate determination of the legal relationship in equity would be tantamount to a collateral review of the jury's findings in the law action.
>
> "The purpose of an accounting is to strike a balance between the parties and determine if any funds are owed by either. A settlement of the account may require an order for one party to pay funds to the other. If, as in this case, the entitlement to the funds has been determined by a verdict in the law side of the case, there is nothing left to account for." 56 Or App at 634.

Assuming that *Sasser v. DeLorme, supra,* was properly decided, there are many differences between it and this case. The most decisive is that the trial judge here was required by statute to make a finding on the same question that the jury answered in deciding the separate claims. Hence, there is no question of "collateral review"; instead, this case involves two factfinders performing constitutionally

or statutorily defined responsibilities in connection with the different claims assigned to them for decision. Unlike *Sasser,* this is not a situation in which the subject matter of the equitable claim is eliminated by the disposition of the law claims; rather, this case required findings on the same subject in the two separate contexts, both of which could serve as an independent occasion for a remedy.

■　　Without their *res judicata* and law of the case underpinnings, there is little left to Bowen's and bank's constitutional arguments, except a heavy reliance on coincidence. There is no constitutional right to a jury trial in equitable proceedings, *Phillips v. Johnson,* 266 Or 544, 549, 514 P2d 1337 (1973), and, if the lien claim alone had been tried, the court, not a jury, would clearly have had the authority and duty to make a finding on the factual issue that it decided. Because of the legal claims, however, a jury made findings concerning the same fact issues, and Bowen and bank reason that the court's subsequent finding was a "reexamination" of the jury's finding, in violation of Article VII (amended), section 3. We do not agree. The court did not reexamine a finding in an action at law; it made a separate finding in an equitable proceeding in which the jury's finding enjoyed no constitutional insulation and to which its finding was legally irrelevant. We reject the first assignment of error.[4]

■　　Bowen and bank next argue that the court erred by entering judgment for AIC, Westwood's surety on the performance bond, on their counterclaims against it and, concomitantly, by awarding attorney fees to AIC. The thrust of the argument is that AIC lost on the counterclaim, because it was responsible on the bond for coverage of the $903,280 damages attributable to Westwood's defective performance, but was not entitled to any part of the $945,000 due Westwood and, therefore, was not entitled to have the damages offset from the $945,000. We disagree. Because Bowen owed Westwood more than the amount of the damages, nothing was *payable* by Westwood *or* AIC to Bowen or bank under the counterclaims. In short, there was no *loss* that AIC's bond covered, and the court properly entered judgment in its favor.

---

[4] Bowen's second and third assignments are largely dependent on and fail this his first. Insofar as the third assignment presents a separate issue, it does not require discussion.

Bowen's and bank's arguments concerning the award of attorney fees that are based on points other than AIC's prevailing status do not require separate discussion.

Finally, Bowen and bank take issue with the award of attorney fees to both Westwood and AIC and with the failure to apportion fees for services attributable to the various claims. Bowen and bank contend that the same attorneys rendered identical services to Westwood and to AIC and that, therefore, the awards were duplicative. However, the judgment expressly provides that the payment of attorney fees to either recipient will satisfy the award to the other.

We also conclude that no apportionment of services and fees was necessary. There were predominantly common issues among the various claims, and fees for all of the services were recoverable under *former* ORS 743.114 and ORS 87.060 by AIC and Westwood, respectively. *See Estate of Wesley E. Smith v. Ware,* 307 Or 478, 769 P2d 773 (1989).

Because we affirm, we do not address the cross-appeal.

Affirmed on appeal and on cross-appeal.