Argued and submitted December 14, 1995, reversed and remanded
August 20, 1997

KEN LEAHY CONSTRUCTION, INC.,
an Oregon corporation,
*Respondent,*

*v.*

CASCADE GENERAL, INC.,
an Oregon corporation,
*Appellant.*

(9307-04717; CA A85442)

944 P2d 951

John R. Faust, Jr., argued the cause for appellant. With him on the briefs was Schwabe, Williamson & Wyatt.

Clarence M. Belnavis argued the cause for respondent. With him on the brief were Charles F. Adams, Richard E. Alexander and Stoel Rives.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

Edmonds, J., dissenting.

## ARMSTRONG, J.

Defendant appeals from a declaratory judgment that declared it the owner of certain dry docks and ordered it to take possession and accept responsibility of them. We review *de novo*, ORS 19.125(3), and reverse and remand.[1]

Plaintiff is a construction and development company owned by Ken Leahy and his wife. Defendant is a ship-repair company based in Portland. Ken Leahy and two partners own a tract of land adjacent to the Columbia River known as the Bradwood property. The Bradwood property consists of 270 acres of forest land and 32 acres of marine industrial land.

In the summer of 1990, plaintiff and defendant began discussions about developing the Bradwood property as a ship-repair facility. As the discussions progressed, plaintiff contends that the parties reached an agreement under which plaintiff would develop and construct the facility for defendant at cost plus 10 percent. Plaintiff further claims that, during those discussions, defendant asked it to obtain a set of dry docks for the facility that were then being decommissioned by the Port of Portland. Defendant claims that any discussions about the Bradwood project were only preliminary at that point and that plaintiff purchased the dry docks on its own accord. In any case, on October 19, 1990, plaintiff submitted a bid to the Port to acquire the dry docks. The Port accepted that bid and paid plaintiff $190,000 to move the dry docks to the Bradwood property.

After plaintiff had acquired the dry docks, the parties continued their discussions about the project. Plaintiff retained several consultants and engineers to develop the specifications for it. It contends that, as the discussions progressed, the parties reached sufficient agreement on the

---

[1] Whether a claim for declaratory relief is legal or equitable depends on its nature, including the nature of the relief sought. *State Farm Fire v. Sevier*, 272 Or 278, 299, 537 P2d 88 (1975). Here, plaintiff sought a declaration that, in essence, required defendant specifically to perform an alleged contract to purchase the dry docks, coupled with an injunction requiring it to take possession and responsibility of them. In that light, we conclude that the claim is an equitable claim that we review *de novo*.

scope of the work and their respective responsibilities for the agreement to form an enforceable contract. Plaintiff claims that, as part of that contract, defendant agreed to purchase the dry docks from plaintiff for one dollar.

Defendant contends that the discussions between the parties were only preliminary and never led to an enforceable contract. In addition, it contends that it never agreed to purchase the dry docks from plaintiff. Defendant maintains that the project was always conditioned on securing a tenant for the facility. It further contends that the parties intended the facility to be used only as a home port and not as a repair facility. Therefore, according to defendant, the dry docks were not essential to the project. Ultimately, when negotiations to secure a tenant for the site failed, defendant felt free to walk away from the discussions without penalty, and it did so.

Plaintiff sued defendant for breach of contract, unjust enrichment and fraud and for declaratory and injunctive relief. The court dismissed plaintiff's unjust enrichment claim at trial. The contract and fraud claims were submitted to a jury. The jury found that there was an enforceable oral contract for the development of the Bradwood property, that defendant had breached that contract and that the contract included, as one of its terms, a promise by defendant to buy the dry docks from plaintiff for a dollar. The jury found, however, that plaintiff had sustained no damage from defendant's breach of the development contract and that defendant had not committed fraud. The court entered judgment for plaintiff on the contract claim and for defendant on the fraud claim.

The court decided the declaratory relief claim. After considering the jury's verdict as an advisory verdict on that claim, the court declared that title to the dry docks was vested in defendant and it ordered defendant to take possession and accept responsibility of them.[2]

---

[2] The parties treated plaintiff's claims for breach of the parties' development contract as presenting both legal and equitable claims. Because no question was raised at trial about whether plaintiff could obtain both legal and equitable relief for the breach, we do not address that issue.

Defendant assigns error to the court's declaration. The parties dispute our scope of review on the factual issue that underpins the declaration, which is whether defendant agreed to buy the dry docks from plaintiff for a dollar. Relying on *Sasser v. DeLorme*, 56 Or App 630, 642 P2d 1192 (1982), plaintiff argues that the jury's finding on that issue is binding on us if there is any evidence to support it. Relying on *Westwood Corp. v. Bowen*, 108 Or App 310, 815 P2d 1282 (1991), *rev dismissed* 312 Or 589 (1992), defendant argues that the jury's finding is not binding and that we are required to decide the issue independently.

■ We need not decide whether plaintiff or defendant is correct about our scope of review, because, on *de novo* review, we make the same finding as did the jury on the agreement to purchase the dry docks. On *de novo* review, we give considerable weight to findings on issues that turn on credibility. *See, e.g., Kuhl v. Garner*, 134 Or App 185, 187, 894 P2d 525 (1995). Here, the finding on the agreement to buy the dry docks is such a finding. Both the jury and the court heard conflicting testimony on it. They implicitly found plaintiff's testimony on the issue to be more credible. From our review of the record, we see no reason to reject their finding on it.

■ Although we find that defendant agreed to buy the dry docks, we conclude that the trial court erred in declaring that defendant owns them. There simply is no evidence that defendant fulfilled its contractual obligation to buy them, which is a factual predicate to a declaration that it owns them.

The trial court may have assumed that it could declare the contract performed, even though it had not been, because the payment due from defendant was nominal and plaintiff had implicitly waived it. However, that is not a proper use of the authority granted to courts by the declaratory judgment statute. In effect, the court granted specific performance of the contract through its declaration about the ownership of the dry docks, without requiring plaintiff to establish that it had an inadequate legal remedy for defendant's breach of the parties' contract. Had plaintiff sought a declaration that defendant was required specifically to perform its contract, plaintiff would have had to show that it had

an inadequate legal remedy in order to establish its right to that declaration. Plaintiff could not avoid the required showing of an inadequate legal remedy by having the court declare that the parties' contract had been performed when it had not.

*Samuel v. Frohnmayer*, 308 Or 362, 779 P2d 1028 (1989), confirms that the declaratory judgment statute cannot be used in that way to modify the legal principles that bear on a party's entitlement to judicial relief. There, a chiropractor sought a declaration that he was entitled to be indemnified by the state against costs that he had incurred in defending a civil action. The trial court ultimately gave him that declaration but declined to award him attorney fees in the action. We reversed on the attorney-fee issue, holding that the authority under ORS 20.080 to grant "further relief based on a declaratory judgment" provided authority for an award of attorney fees in the absence of any other source of authority for such an award. *Samuel v. Frohnmayer*, 95 Or App 561, 563-64, 770 P2d 914 (1989).

The Supreme Court reversed us on that point. It reasoned that the further relief that ORS 20.080 authorizes a court to award after it grants a declaratory judgment is relief that the law otherwise entitles a party to receive. If that were not the principle and ORS 20.080 provided an independent source of authority to award attorney fees as further relief in declaratory judgment actions, parties would convert many of their actions into declaratory judgment actions in order to obtain attorney-fee awards to which they would not otherwise be entitled.

That same principle applies to parties seeking equitable relief. The declaratory judgment statute, and the provision in ORS 20.080 under which courts are authorized to award further relief based on declaratory judgments, cannot be used to circumvent the normal requirements for equitable relief. The trial court erred, therefore, in declaring that defendant owns the disputed dry docks and is required to take possession and assume responsibility of them. On the facts of this case, the declaration to which plaintiff is entitled is a declaration that defendant does not own the dry docks.

The dissent rejects that conclusion based on a misunderstanding of our decision. It contends that we have denied plaintiff a declaration of its rights in the dry docks, contrary to ORS 28.010 and cases interpreting that statute. The dissent is wrong. We have directed the trial court to enter a judgment declaring that defendant does not own the dry docks. Although that declaration is contrary to the one that plaintiff sought, it is a declaration. *Schmitt v. Culhane*, 223 Or 130, 354 P2d 75 (1960), and the other cases cited by the dissent address the discretion given to courts under ORS 28.010 to refuse to give parties *any* declaration of their rights. They have no bearing on our decision because we have directed the trial court to enter a judgment declaring the parties' ownership rights in the dry docks.

The dissent also quotes a passage from Borchard's treatise on declaratory judgments that suggests that a declaration of the parties' rights under a contract can serve

> "as a judgment for specific performance [of the contract] in cases where equity [could] not grant such relief."

149 Or App at 490 (quoting Edwin Borchard, *Declaratory Judgments* 548 (2d ed 1941)). If that were true, then, perhaps, a court could enter the declaration that the trial court entered here. With due respect to the late Professor Borchard, however, declaratory judgments under ORS chapter 28 cannot be used in the way that Borchard suggested.

Under ORS 28.020, a party to a contract can obtain a declaration on the "construction or validity" of the contract and on the party's "rights, status or other legal relations thereunder." In this case, for example, plaintiff could have sought and obtained a judgment declaring that defendant is required under the parties' contract to purchase the dry docks for one dollar. Significantly, however, that judgment would *not* constitute a court order requiring defendant to fulfill its contractual obligation to do that. The reason is that the declaration would establish what the *contract* required defendant to do, not what the *court* required it to do. Consequently, if defendant refused to act in accordance with the declaration, it would *not* be subject to contempt for that refusal.

Plaintiff could respond to the refusal by petitioning the court for further relief under ORS 28.080. That statute authorizes a court to grant "[f]urther relief based on a declaratory judgment * * * whenever necessary or proper."[3] Under Oregon law, an order granting specific performance of a contract is "necessary or proper" only when a party establishes that it has an inadequate legal remedy.[4] Plaintiff did not make that showing, so it could not obtain that relief under ORS 28.080.

As noted above, plaintiff might instead have sought a declaration that it was entitled to have defendant specifically perform its contractual obligation to purchase the dry docks for one dollar. It should be evident that, to establish its right to *that* declaration, plaintiff would have to establish that it has an inadequate legal remedy, because the declaration, itself, embodies a determination that plaintiff is entitled to an *equitable* remedy, an entitlement that depends on whether plaintiff has an adequate *legal* remedy.[5]

No matter how it approached the issue in this case, plaintiff is entitled to declaratory relief that results in specific performance of the parties' contract only on a showing that it lacks an adequate remedy at law for defendant's failure to fulfill its contractual obligations. It did not make that showing here.

---

[3] ORS 20.080 provides:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application thereof shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause by further relief should not be granted forthwith."

[4] *See, e.g., Alsea Veneer, Inc. v. State of Oregon*, 318 Or 33, 43, 862 P2d 95 (1993); *Oregon Growers' v. Lentz*, 107 Or 561, 579, 212 P 811 (1923).

[5] See cases cited in note 4 above. Again, to avoid the confusion that the dissent apparently has over this issue, it is important to emphasize that plaintiff would *not* have to establish that it lacks an adequate legal remedy in order to get declaratory relief. In the example in the text, if plaintiff failed to establish that it lacked an adequate legal remedy, it would not get the declaration that it sought. It would, however, still get a declaration, to wit, that defendant is *not* required specifically to perform its contractual obligation. That it would get *a* declaration is what distinguishes our case from those cited by the dissent in which parties sought to oppose the issuance of *any* declaration on the ground that the party seeking the declaration had failed to show that it lacked an adequate legal remedy. *See, e.g., Schmitt*, 223 Or at 134.

.

Finally, the dissent contends that the result we reach in this case "is plainly inequitable." We respectfully disagree. The dissent suggests that plaintiff purchased the dry docks at the instance of defendant and for its benefit. 149 Or App at 492. Had plaintiff alleged and proven that it *had* acquired the dry docks as an agent for an undisclosed principal, defendant, it presumably would be entitled to a declaration that defendant owns the dry docks. Plaintiff did not do that, however, presumably because plaintiff did not, in fact, acquire the dry docks as defendant's agent. Plaintiff proved, instead, that it acquired the dry docks for the development and that defendant agreed as part of the parties' development contract to purchase the dry docks from it for one dollar. The relief to which plaintiff is entitled for defendant's breach of *that* contract is governed by established legal principles. Those principles do not permit a court to give plaintiff the relief that the dissent wishes to give it *on this record*.

We emphasize the last point to make clear that our decision does not determine the relief to which plaintiff may be entitled for defendant's breach of the parties' contract. All we hold is that, on this record, plaintiff is not entitled to a declaration that defendant owns the dry docks. ORS 28.080 authorizes the trial court to award plaintiff further relief based on the declaration that the court enters on remand. The relief that is "necessary or proper" in the light of that declaration is not now before us and we express no opinion about it.

Reversed and remanded for entry of judgment declaring that defendant does not own the dry docks.

**EDMONDS, J.,** dissenting.

This is an action for a declaratory judgment under ORS chapter 28 in which plaintiff seeks a declaration that defendant be declared the owner of certain dry docks that plaintiff obtained for defendant pursuant to their agreement to develop plaintiff's property as a ship repair facility. As part of the agreement, defendant promised to purchase the docks for one dollar after plaintiff procured the dry docks from the Port of Portland and moved them to its property. The majority agrees that defendant breached the parties' agreement. However, it denies plaintiff relief on the ground that the trial

court and we do not have the authority to issue a declaration of ownership in defendant in the absence of evidence that plaintiff has an inadequate legal remedy for defendant's breach. That holding creates an inequitable result and is contrary to ORS 28.010 and Oregon case law.

ORS 28.010 provides:

"Courts of record within their respective jurisdictions shall have the power to declare rights, *status*, and other legal relations, *whether or not further relief is or could be claimed*. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force and effect of a final judgment or decree." (Emphasis supplied.)

ORS 28.010 is not a new statute. The above language was first enacted in 1927.[1] In construing OCLA § 6-601, where ORS 28.010 was previously compiled, the court in *Recall Bennett Com. v. Bennet et al*, 196 Or 299, 323, 249 P2d 479 (1952), had occasion to quote the following passage from Edwin Borchard, *Declaratory Judgments*, 302-04 (2d ed 1941):

"As already observed, however, it is wrong for courts to decline a declaration on the mere ground that another remedy was available, for declaratory relief was not intended to be exclusive or extraordinary, but alternative and optional. It is only where the court believes that *more* effective relief can and should be obtained by another procedure and that for that reason a declaration will not serve a useful purpose, that it is justified in refusing a declaration because of the availability of another remedy." (Emphasis in original.)

That language was relied on by the court in *Schmitt et ux v. Culhane et al*, 223 Or 130, 354 P2d 75 (1960), where the plaintiffs sought a declaratory judgment regarding the application of a land use restriction to their land. The trial court ruled that the restriction did not attach to the plaintiffs' land, and the defendants appealed. On appeal, they contended that the plaintiffs had an adequate remedy at law and that the trial court erred in failing to uphold their defense on that ground. The court ruled:

---

[1] *See* Or Laws 1927, ch 300, § 1. *See also* OCLA § 6-601.

"This was a proceeding for a declaratory judgment. The courts may not decline a declaratory judgment on the mere ground that another remedy is available, since declaratory relief was not intended to be exclusive or extraordinary, but alternative and optional. * * * We find this assignment without merit." 223 Or at 134. (Citation omitted.)

Borchard explains why declaratory judgments afford relief when the relief of specific performance is not available because of the absence of an inadequate legal remedy.

"[Declaratory judgments] enable[ ] specific duties to be declared, and [a declaratory judgment] serves as a judgment for specific performance in cases where equity cannot grant such relief. * * *

"* * * * *

"The performance of specific duties may be assured, without seeking to enjoin any breach or suing for damages after ostensible breach, by an action for a declaration that the defendant is under a duty to perform, an effective substitute for, and extension of, the limited equitable bill for specific performance. * * *

"* * * * *

"The opportunity to achieve specific performance without compulsory process and in circumstances beyond the scope and the technical conditions of an equitable bill of specific performance will be readily appreciated." Borchard, *Declaratory Judgments*, 548-54 (2d ed 1941).

In sum, the Supreme Court, in *Schmitt*, held directly contrary to the majority's position in this case. The language of ORS 28.010 is clear: that courts may not decline declaratory relief on the ground that there is an adequate legal remedy is mandated by the language of the statute that declaratory relief is available "whether or not further relief is or could be claimed." *Brooks v. Dierker*, 23 Or App 697, 701, 544 P2d 598, *rev on other grounds* 275 Or 619 (1976).[2] As Borchard points

---

[2] Although declaratory relief will not be withheld simply because other relief is available, the existence of a more appropriate remedy is a relevant consideration in determining whether declaratory relief is proper in a particular case. *Brooks v. Dierker*, 275 Or at 624; *see also Campbell v. Henderson*, 241 Or 75, 80-81, 403 P2d 355 (1069). Nonetheless, "[w]hile the courts do have some discretion in granting declaratory relief, * * * the court should afford relief absent countervailing reasons." *Brown v. Oregon State Bar*, 293 Or 446, 451, 648 P2d 1289 (1982).

out, declaratory judgment statutes are intended to provide remedies where the requirements of a claim for specific performance are not met. The majority, by its opinion in this case, has defeated the intention of the legislature when it adopted ORS chapter 28.

Moreover, the majority's reliance on the holding in *Samuel v. Frohnmayer*, 308 Or 362, 779 P2d 1028 (1989), in support of its interpretation of ORS 28.010, is misplaced. In *Samuel*, the plaintiff chiropractor sought a judicial declaration that he was entitled to be indemnified by the state's attorney general for the expenses he incurred in defending a civil action that arose out of his activities as chairman of a review committee that concluded that another chiropractor was rendering unnecessary medical services to an injured worker. His claim was based on the premise that the attorney general was obliged to undertake his defense in the civil action against him. We held that he should have been provided a defense by the attorney general and remanded the matter to the trial court. On remand, Samuel sought additional relief, *i.e.*, an award for the attorney fees that he had incurred in bringing the indemnity action against the attorney general. The trial court denied his claim and once again he appealed to this court. We held that attorney fees could be a proper form of awardable relief under ORS 28.080. On review, the Supreme Court disagreed. It held that the language of ORS 28.080 providing for supplemental relief did not include the authority to award attorney fees in the absence of other express statutory or contractual authority to award attorney fees under the circumstances. As is evident, the court's holding was premised on the well recognized proposition that attorney fees are not recoverable in the absence of a statute or a contractual provision that provides for their availability. The holding has nothing to do with the issue in this case, which is whether a court is authorized to deny declaratory relief under ORS 28.010 because plaintiff did not prove that its legal remedy was inadequate.

Finally, the majority's result is plainly inequitable. Declaratory judgment proceedings are equitable or legal in nature depending on the kind of declaration sought and the essential nature of the case. *International Health & Life v. Lewis*, 271 Or 35, 530 P2d 517 (1975). Clearly, plaintiff seeks

equitable relief in its attempt to have defendant declared the owner of the dry docks. Equity will not permit a wrong to occur without a remedy.

> "In a case made appropriate by the facts, equity looks to the substance and not the shadow, to the spirit and not the letter. Equity seeks justice rather than technicality, truth rather than evasion, common sense rather than quibbling." *State of Oregon ex rel. v. Dobson*, 195 Or 533, 577, 245 P2d 903 (1952).

In this case, defendant made a bargain with plaintiff. It agreed that if plaintiff would procure the dry docks from the Port and move them to plaintiff's property, then defendant would move its ship repair facility from the ports of Portland and Astoria to plaintiff's property. However, because of its relationship with the Port of Portland, defendant insisted that plaintiff procure the dry docks from the Port of Portland without disclosing defendant's involvement. Accordingly, the parties mutually agreed not to put their development agreement in writing to protect defendant's relationship with the Port. As part of their development agreement, defendant promised to buy the dry docks from plaintiff for one dollar. Plaintiff performed as it had promised. It bid successfully on the dry docks and subsequently transported them to its property. The necessary proposed zoning changes were agreed on by the parties and construction plans were drawn. However, after several months, defendant repudiated its agreement with plaintiff and walked away from the development project, leaving plaintiff with the dry docks on its property.

The majority rewards defendant for its breach by refusing to declare it the owner of the dry docks. The principles of equity dictate otherwise. Plaintiff procured the dry docks at the instance of defendant and for defendant's benefit. Plaintiff owns the dry docks only because defendant asked it to purchase them on defendant's behalf to protect its relationship with the Port of Portland. Plaintiff is now stuck with the docks on its property, and defendant has refused to perform its promises to develop the property into a ship repair facility and move its businesses there. Justice, fairness and common sense all cry out that defendant be held accountable for its wrongful repudiation of the parties' agreement. Under the express language of ORS 28.010, the fact that

there may be available legal remedies is not a proper ground for denying plaintiff the relief that it seeks, and the majority errs in holding otherwise.

I dissent.