Argued and submitted January 16, reversed in part and remanded for further proceedings; otherwise affirmed September 18, 1996

Edward J. MONTAGNE
and Luella R. Montagne,
husband and wife,
and Alan G. Pake and Marilyn M. Pake,
husband and wife,
Lee Weisel and Joann Weisel,
husband and wife,
*Respondents,*

*v.*

James F. ELLIOTT
and Betty J. Elliott, husband and wife,
*Defendants-Appellants,*

Roger F. WEST
and Jane R. West, husband and wife,
*Defendants-Respondents,*

Thomas F. COLEMAN
and Mildred K. Coleman, husband and wife,
and Richard Ireland,
*Defendants.*

(90-382-L-2; CA A79522)

923 P2d 1344

Thomas C. Howser argued the cause for appellants. With him on the brief was Howser & Munsell, P.C.

Robert E. Bluth argued the cause for respondents. With him on the brief was Frohnmayer, Deatherage, Pratt, Jamieson & Clarke, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiffs brought this action for declaratory and injunctive relief, seeking to determine the scope and status of alleged easements and a county-approved "way" over defendants Elliotts' property and to enjoin Elliotts from interfering with plaintiffs' access to their property. Elliotts sought a determination that the way is invalid and in the alternative filed a cross-claim against Ireland, plaintiffs' and defendants' predecessor in interest, seeking a declaration obligating Ireland to construct a road on the way, that the road be constructed to county standards, and that the way serve only those parcels described in the record way document. Elliotts appeal from the trial court's entry of a declaratory judgment for plaintiffs that validated the way and permitted plaintiffs' use of an existing road over Elliotts' property. We reverse in part.

In 1969, Ireland obtained title to the property involved, which at that time was a single 230-acre parcel zoned for exclusive farm use. In 1972, Ireland sought and obtained county approval to partition the property into six parcels and to create a way—which took the form of a private road—to give access to the four newly-created parcels that would not abut public roads. The way, as approved by the Jackson County Planning Commission (Commission), is described in a recorded document executed by Ireland and is the subject of this dispute. It crosses over property that Elliotts eventually acquired from Ireland and provides the only access to plaintiffs' parcels to the east. Plaintiffs Montagnes have sought to develop their property for residential use.[1] An application for a nonfarm dwelling on their property was submitted to and approved by the Commission, and the Board of Commissioners denied Elliotts' appeal of that decision. Defendants have resisted plaintiffs' use of the way for that residential purpose, and have made efforts to block plaintiffs' access.

Elliotts asserted at trial and now on appeal that the way was not validly created, because it does not comply with

---

[1] Plaintiffs Weisels are buying the property from Montagnes.

a 1973 Jackson County subdivision ordinance regarding the creation of ways or with conditions that the county placed on the way's approval. At the relevant time, section 7.1(b) of the Jackson County Subdivision Ordinance provided that "a way may be approved by the Planning Commission only when * * * [it] intersects or connects with a public road." There is no dispute that the way does not connect or intersect with a public road. There is evidence that the road to which the way connects has been maintained and used as a public road since the 1940s, and that at the time Ireland applied to create the way, county officials believed that it was a public road.[2]

Plaintiffs assert, and the trial court agreed, that although the county does not have record title to the road that connects with the way, it should and will acquire title to that road after the completion of a case now pending. Based on that litigation and its own determination that the county should hold the property by prescriptive easement, the trial court summarily rejected Elliotts' contention that the way is invalid.

The litigation concerning title to the connecting road segment is not a part of this proceeding. We cannot base our decision here on the assumed outcome of that case. Additionally, this case is not and never has been about the county's ownership of the segment, and the question of the existence of a presumptive easement is not within the scope of this appeal. However, we affirm the trial court's rulings concerning the validity of the way for another reason.

The county's actions approving the partitioning of the property and the creation of the way were land use decisions.[3] At the time of the county's actions, there was a statutory writ of review process by which both decisions could have been challenged within 60 days from the date of the action. ORS 34.020 (1971); ORS 34.010 to ORS 34.100 (1971). As the Supreme Court has said, the statutory period for bringing a writ of review is jurisdictional. *Brooks v. Dierker*, 275 Or 619, 552 P2d 533 (1976). Concededly, Elliotts had no interest in their property at the time of the county's actions, were not

---

[2] In fact, record title to the segment was held by the heirs of V.O.N. Smith, who, as trustee, held the segment as part of a much larger holding.

[3] We use the term "land use decision" in its colloquial sense, rather than as it has since been defined by statute.

privy to the process and had no reason or ability to object to the county's approval of the way. On that ground, Elliotts assert, the existence of the writ of review process cannot be treated as a jurisdictional bar to their challenges here. However, there must be some finality to the actions of local governing bodies, so that interested persons may rely on their decisions in determining their courses of action. *Woodcock v. LCDC*, 51 Or App 577, 581, 626 P2d 901, *rev den* 291 Or 151 (1981). The county's actions must be deemed final and not subject to challenge after the expiration of the 60-day period for filing a writ of review. *Id.* Elliotts' lack of interest in and inability to challenge the determinations does not alter their finality. Thus, any opportunity to challenge the validity of the way has long since expired. We therefore reject Elliotts' contentions concerning the validity of the way.

Elliotts next assert that Montagnes' residential use of the way burdens their property beyond the parties' and the county's original contemplation. The county's approval of the way stipulated that it was to serve no more than "six agriculturally-oriented parcels." We note that the residential use of the property has come before the Commission. For the same reasons already discussed, any opportunity to challenge the Commission's approval of the residential use is passed.

As a somewhat related contention, Elliotts assert in their second assignment of error that two of the lots in the subdivision were invalidly reconfigured after 1972 and therefore may not be served by the way because they differ from the descriptions initially approved by the Commission. Again, the question of the validity of the reconfigured lots is no longer subject to challenge.

In their third assignment of error, Elliotts challenge the trial court's determination that plaintiffs have express easements over the westerly portion of the way that runs over Elliotts' property. The record shows that in the Ireland/Elliott contract, there is reserved "a non-exclusive easement, for all road purposes, over, along and across" the strip of land described as the way. The trial court correctly determined, based in part on that evidence, that plaintiffs have express easements over the way.

Plaintiffs have been using a gravel road across Elliotts' property as access to their properties. They contend

that the road lies within the way and the easement, and the trial court agreed that it is substantially within the way. For their fourth assignment, Elliotts assert that that finding is error. As described in the recorded document, the way is 60 feet in width and runs along a line parallel to and 30 feet north of the average centerline of Butler Creek. The existing road roughly meets that description but is only 10 feet wide and deviates from the recorded description in at least six locations. Although there was no evidence presented that a road could not be built within the described way, there was evidence that a precise adherence to the recorded description would place the road south of the court's approved location and partly within the creek bed. Nonetheless, the road must be within the recorded description of the way. This record does not show that the road that now exists is within the way. In developing the road, unless otherwise agreed, the parties must adhere to the recorded description.

■        In their fifth assignment, Elliotts claim that the trial court erred in holding that the Commission, rather than the court, should decide whether the road, when constructed, must meet current county development standards. We agree with the trial court that which standards apply is a determination that must be made by the Commission in the first instance, and that the trial court was without jurisdiction to decide the question. *Campbell v. Bd. of County Commissioners,* 107 Or App 611, 617, 813 P2d 1074 (1991).

Reversed with regard to determination that the existing road location is within recorded description of way and remanded for further proceedings; otherwise affirmed.